# Fitzsimmons, Trustee, *v.* Howard.

*Attachment by Landlord against Tenant for Rent and Advances.*

1. *Attachment by landlord for rent or advances ; what affidavit must show.*—The affidavit for an attachment by the landlord against his tenant for rent or advances, must state, (1) that the plaintiff is the landlord, and that the defendant is his tenant; (2) that there is, or will be due to the landlord from the tenant a debt or demand for a specified amount, for rent for the current year, or for advances, etc., one or both, and (3) that one of the grounds for attachment in such cases exists. These are jurisdictional averments, which the affidavit must contain; and failing in either of them, it is not amendable.

2. *Same ; when may be abated on plea for insufficiency of affidavit.*—An affidavit for an attachment by a landlord against his tenant for rent or advances, is fatally defective, when it fails to set forth the relation of landlord and tenant, either directly or by implication, and fails to aver a demand for the rent after the maturity of the debt; and an attachment issued thereon may be abated on plea.

(Fitzsimmons, Trustee, v. Howard.)

3. *Same ; when plea in abatement sufficient on demurrer.*—A plea in abatement to an attachment which sets forth several defects in the affidavit, some of which are of substance, and others not, is not obnoxious to the rule, which requires that a plea in abatement shall be confined to a single matter of defense. Such defects do not constitute two defenses, but merely two grounds supporting one defense.

APPEAL from Russell Circuit Court.

Tried before Hon. H. D. CLAYTON.

This cause was commenced on 6th December, 1880, by an attachment sued out by O. P. Fitzsimmons, as trustee of Mrs. M. B. Fitzsimmons, against T. B. Howard, to recover rent and advances. The affidavit avers that the defendant is justly indebted to the plaintiff, as such trustee, " in the sum of fifteen hundred dollars for rent and advances as follows, to-wit: The amount of twenty-one bales of lint cotton, good average crop grade, which was and is the balance due of the thing agreed to be received and paid as rent for the year 1880, and that eleven hundred dollars is the money value of said twenty-one bales of cotton, balance so agreed to be received and paid as rent for the current year; and also the further amount of eight bales of lint cotton, good average crop grade, of the value of four hundred dollars, as advances made by said plaintiff to said defendant, said advances being as follows, to-wit: The said defendant being a tenant of said plaintiff for and during the year 1879, failed to discharge his indebtedness to the said plaintiff for rent for the said year by and to the extent of the amount. of eight bales of cotton, as aforesaid, which said eight bales of cotton became and are advances to the defendant from the plaintiff for making the crop of the succeeding year; and deponent further says that each of the aforesaid several sums are due, and the defendant has failed and refused, after demand made, to pay the same." The defendant craved oyer of the affidavit and attachment, and pleaded in abatement, setting up, among other alleged defects in the affidavit, in substance, that it failed to show that the relation of landlord and tenant existed between the plaintiff and defendant, and that it failed to aver any demand for the rent or advances at or after the time when they became due. The court having overruled a demurrer to the plea, the plaintiff asked leave to amend the affidavit so as to cure the defects mentioned above; but the court refused to allow the plaintiff to amend, and he excepted. Thereupon the court entered judgment, sustaining the plea in abatement, and quashing the attachment.

The rulings of the Circuit Court above noted are here assigned as error.

[Fitzsimmons, Trustee, v. Howard.]

L. W. MARTIN, J. B. MITCHELL, and CLOPTON, HERBERT & CHAMBERS, for appellant.

GEO. D. & GEO. W. HOOPER, *contra.*

(No briefs came to the hands of the reporter.)

STONE, J.—Attachment is not an ordinary remedy, given and governed by the rules of the common law. It is statutory, and, to some extent, extraordinary. There are many grounds for its issuance—several of them for the enforcement of liens declared by statute. The present case is one of that class. Its purpose is to enforce an alleged lien for rent and advances. This extraordinary process can not be resorted to, except in cases specified in the statute, and the first step to be taken is an affidavit, to be made by the plaintiff, his agent or attorney. This is the foundation-authority, without which the attachment can not be rightfully issued. Certain averred facts are a necessary prerequisite to the issue of this writ; matters of substance, without which the plaintiff shows no right to have this process granted to him. If any of these substantial elements are omitted from the affidavit, and the objection be properly raised, the defect is not amendable. Among these essential matters of substance, when the claim is for land-rents, or for advances made by the landlord, or by his procurement, are the following: That the plaintiff is the landlord, or his assignee, and that the defendant is the tenant of such landlord—thus necessarily implying the relation of landlord and tenant, as to the very land for which rent is claimed to be due; that there is, or will be due to the landlord a debt or demand for a specified amount, for rent for the current year, or for advances, etc., one or both, and that one of the following four grounds for attachment exists:

1. That the claim asserted is *due*, and the tenant, on demand made after maturity, refuses or fails to pay it. And whether the claim for rent or advances is due, [has matured], or not;

2. When any party interested in the claim, his agent or attorney, [makes oath that he] has good cause to believe that the tenant is about to remove from the premises, or otherwise dispose of the crop without paying the amount that will be thus due.

3. That the tenant has removed from the premises, or otherwise disposed of some part of the crop, without paying such amount, [the amount shown to be due, or to become due], without the consent of the plaintiff.

4. When the tenant has disposed of, or the plaintiff has good

VOL. LXIX.

[Johnson v. The State.]

cause to believe he is about to dispose of the articles, or some of the articles advanced, etc.

These are jurisdictional averments, which the affidavit must contain; and failing in either of them, it is not amendable.—Code of 1876, §§ 3467, 3470, 3472, 3473; *Sims v. Jacobson*, 51 Ala. 186; *Staggers v. Washington*, 56 Ala. 225; *Hawkins v. Gill*, 6 Ala. 620; *Tucker v. Adams*, 52 Ala. 254. An affidavit for attachment wanting in any of these essentials, will be abated on plea.—*Brown v. Coats*, 56 Ala. 439; *De Bardeleben, v. Crosby*, 53 Ala. 363; *Hall v. Brazleton*, 40 Ala. 406. A new principle is introduced in section 3469 of the Code, by which a balance of unpaid rent for one year becomes an advance to the tenant for the next year, if the tenancy continues. All the ingredients of the affidavit, save those mentioned above, are matters of form, and are amendable. The affidavit in the present case must be pronounced insufficient. It fails to set forth the relation of landlord and tenant, either by direct averment, or by necessary implication; and it fails to aver a demand for the rent after the maturity of the debt.

It is contended for appellant that the demurrer to the plea in abatement should have been sustained, because the plea is double. There are three pleas in abatement. Plea number 2 only complains of defects in the affidavit. True, it sets forth several defects, some of which are of substance, and others not. We do not think this falls within the principle, which requires that a plea in abatement shall be confined to a single matter of defense. The substance of the plea is, that the affidavit is defective in substantive averment. The fact that there are two important omissions does not impose the necessity of relying on them separately. They do not constitute two defenses, but two grounds, supporting one defense.

Affirmed.