# Bell *v.* Allen.

### *Statutory Attachment by Landlord, for Advances.*

1. *Affidavit for attachment; averment of demand.*—When an attachment is sued out by a landlord, for advances made to his tenant and past-due (Code, § 3472), the affidavit must aver that demand of payment was made before action brought; and this must be averred specially, not by way of recital merely.

2. *Plea in abatement to affidavit.*—When a plea in abatement is filed on account of defects in the affidavit for an attachment, only the defects specified in the plea will be considered.

3. *Affidavit for attachment; averment of relation of landlord and tenant.*—The affidavit for the attachment should also aver, or show, that the relation of landlord and tenant existed between the parties when the

[Bell v. Allen.]

advances were made; but this sufficiently appears from an averment that the defendant rented lands from the plaintiff during the year specified, and worked and cultivated them during the year.

4. *Same.*—If the affidavit avers or shows that the relation of landlord and tenant existed between the parties when the advances were made, it is not necessary that the relation should be shown to have still continued when the attachment was sued out.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. JOHN MOORE.

This action was brought by B. L. Allen, against George C. Bell; and was commenced by original attachment, sued out before the clerk of said court, on the 24th February, 1882. The affidavit for the attachment was made by said Allen, and stated "that George C. Bell rented from him, for the year 1881, a certain tract of land known as affiant's 'Prairie Place,' containing 240-acres, more or less; to be by said Bell worked and cultivated during said year, and which was by said Bell worked and cultivated during said year; and affiant avers that, at the request of said Bell, he sold and advanced to him one mule, named *Mollie*, on, to-wit, about the 15th January, 1881, due on, to-wit, December 1st, 1881, with interest from date; that said mule was advanced by affiant directly to said Bell, for the sustenance and well-being of said Bell, and for preparing the said ground for cultivation, and for cultivating, preparing, handling, saving or gathering said crop for market; and that said Bell refused and failed, after demand made, to pay for said advances, and still refuses and fails so to do." The defendant craved oyer of the affidavit, and pleaded in abatement, averring, 1st, "that said affidavit fails to allege that the relation of landlord and tenant existed at the time of the suing out of said attachment; 2d, that plaintiff has failed to allege, in said affidavit, that the relation of landlord and tenant existed in the year 1881; 3d, that plaintiff has failed to aver, in said affidavit, that the defendant is indebted to him for the mule which he purports to have advanced; 4th, that plaintiff has failed to allege any legal ground upon which a lawful attachment could be issued; 5th, that plaintiff has failed to allege any ground for the issue of an attachment, as is by law in such cases made and provided." On motion of the plaintiff, the court sustained a motion to "strike from the files the 2d, 3d, 4th and 5th grounds in plea in abatement," and sustained a demurrer to the 1st ground; and these rulings of the court are now assigned as error.

J. W. BUSH. for appellant, cited *Stewart & Fontaine v. Hargrove*, 23 Ala. 429; *Duncan v. Hargrove*, 22 Ala. 150; 4 Stew.

[Bell v. Allen.]

& P. 326; *Johnson v. Wren,* 3 Stew. 172; *Fitzsimmons v. Howard,* 69 Ala. 593.

BROOKS & ROY, *contra,* cited *Mahoney v. O'Leary,* 34 Ala. 97; *Wilkinson v. Mosely,* 30 Ala. 562; *Garnett v. Yoe,* 17 Ala. 74; *Lucas v. Governor,* 6 Ala. 826; *Hardy v. Br. Bank,* 15 Ala. 722; 2 Ala. 114; 1 Ala. 326; 9 Porter, 368; 2 Porter, 145, 205.

STONE, C. J.—If the question had been raised by the plea in abatement, it is questionable if the affidavit for attachment sufficiently avers that demand of payment had been made, before action brought.—Code of 1876, § 3472, subd. 1. Demand should have been averred specially, and not in the form of recital. This defect, however, is not pointed out in any of the specifications of the plea in abatement, and therefore the objection is not raised.

It is very true that, to maintain attachment on the claim asserted in this suit, the relation of landlord and tenant must be shown to have existed when the alleged advance was made. *Fitzsimmons v. Howard,* 69 Ala. 590; *Cockburn v. Watkins,* at present term. No particular charm, however, attaches to the words *landlord and tenant.* It is sufficient if that relation is shown to exist. The affidavit in this case expressly avers that Bell rented lands from Allen for the year 1881, and that Bell worked and cultivated said lands during that year. This is the equivalent of an averment, that Allen was landlord, and Bell his tenant.

The fourth and fifth specifications in the plea in abatement point out no defect in the affidavit, and were therefore frivolous. The second and third specifications are disproved by the affidavit, and hence offer no reason for its abatement. A demurrer would have been sustained to them, and the appellant has not been injured by their rejection. The first specification is also worthless; for it is immaterial whether the relation of landlord and tenant existed when the attachment was sued out, in February, 1883. The demurrer to it was rightly sustained.

None of the grounds for the abatement of the affidavit were well.taken, and the judgment of the Circuit Court must be affirmed.