# Dozier *v.* Robinson.

*Attachment for Rent and Advances, by Assignee of Landlord.*

1. *When rent contract matures.*—If the contract of renting specifies no time when the rent is to become due and payable, the law fixes it on the 25th December (Code, § 3468); and when no other date is alleged, it will be presumed to be payable on that day.

2. *Affidavit for attachment; averment of demand and refusal.*—An affidavit for an attachment against a tenant's crop, at the suit of the landlord or his assignee, must show by positive averment, or by reasonable intendment, that the demand and the refusal to pay occurred after the debt had become due.

[Dozier v. Robinson.]

APPEAL from the Circuit Court of Choctaw.

Tried before the Hon. WM. E. CLARKE.

This action was brought by W. C. Dozier, against Greene Robinson, and was commenced by attachment, sued out on the 27th October, 1886. The affidavit for the attachment stated, "that Greene Robinson executed to Henry Mitchell and D. W. Conner a promissory note for rent of land for the year 1886, in the sum of $90, dated February 10th, 1883, and payable on or before the 1st day of October next after date; which said note has been assigned by said Mitchell and Conner to affiant, and is his property; and said D. W. Conner advanced to the said Greene Robinson the sum of $3.75, in goods and merchandise advanced to him for his sustenance or well-being during the year 1885, for which year the relation of landlord and tenant existed between said Conner and said Robinson, on the same land on which the crop for the year 1886 is made, and under the same contract of renting; which said account for advances has been assigned by said Conner to affiant, and is now his property; and said Robinson is justly indebted to affiant in the sum of $100, for rent of land for the year 1886, and the sum of $4 for advances made to said Robinson for the year 1885 as aforesaid, and assigned to affiant as aforesaid; and that said Greene Robinson has refused or failed to pay the aforesaid rent and advances, after affiant has made demand on him to pay the same."

The defendant craved oyer of the affidavit and the attachment, and pleaded in abatement of the writ, "because said affidavit fails to show that the relation of landlord and tenant existed between said W. C. Dozier and his assignors, or either of them, and this defendant, during the current year, 1886;" and, also, "because said affidavit fails to show that said defendant failed or refused to pay said claim for rent and advances on demand made after the maturity of said debt." The court sustained the pleas in abatement, and quashed and dismissed the attachment; and its judgment is now assigned as error.

W. F. GLOVER, for the appellant, cited *Gunter v. DuBose*, 77 Ala. 326; *Bell v. Allen*, 76 Ala. 450.

TAYLOR & ELMORE, contra, cited *Fitzsimmons v. Howard*, 69 Ala. 590; *Cockburn v. Watkins*, 76 Ala. 486; *Bell v. Allen*, 76 Ala. 450.

STONE, C. J.—The transcript in this case presents an embarrassing confusion of dates, which we confess ourselves

[Dozier v. Robinson.]

unable to solve. The suit was commenced by attachment, and the ground of complaint is the non-payment of rent and advances. The affidavit avers that the defendant, Robinson, executed "a promissory note for the rent of land for the year 1886, in the sum of ninety dollars, dated February 10, 1883, and payable on or before the 1st day of October next after date." It next claims for advances to the said Robinson "the sum of three dollars and seventy-five cents, in goods and merchandise advanced to him for his sustenance or well-being during the year 1885, for which year the relation of landlord and tenant existed between said Conner (plaintiff's assignor) and said Robinson, on the same land on which the crop for the year 1886 is made, and under the same contract of renting." The affidavit contains the following additional clause : "And said Robinson is indebted to affiant in the sum of one hundred dollars, for rent of land for the year 1886, and the sum of four dollars for advances made to said Robinson for the year 1885 as aforesaid, and assigned to affiant as aforesaid." The affidavit bears date October 27, 1886. A second copy of the affidavit is made part of the plea in abatement, and corresponds in exact terms with what is copied above. So, the complaint describes as the cause of action a note for ninety dollars, dated February 10, 1883, due October 1, 1883, and four dollars, account for advances in 1885.

As we have said, we do not know how to explain this confusion. Why a note for ninety dollars, dated and due in 1883, should be the evidence of a promise to pay one hundred dollars for the privilege of cultivating land in 1886, is not explained by anything found in this record. Nor are we able to learn when the rent of 1886 fell due, unless the mistake was three times committed of fixing the date of the note in 1883, when the true date was 1886. This confusion leaves us without information, as it leaves the pleadings without averment, of the time when the rent for 1866 did, or would mature. Not being informed by the affidavit, nor by anything else in the record, that any time was fixed for the maturity and payment of the rent, the law fixed it on December 25, 1886,—near two months after the attachment was sued out.—Code, 1876, § 3468.

The affidavit for attachment is fatally defective, in not showing by positive averment, or by reasonable intendment, that demand and refusal to pay rent occurred after the rent and other claim became due.—*Fitzsimmons v. Howard,* 69 Ala. 590; *Bell v. Allen,* 76 Ala. 450; *Cockburn v. Watkins,*

*Ib.* 486; *Gunter v. DuBose*, 77 Ala. 326; *Reese v. Rugely*, at present term, *ante*, p. 267.

Affirmed.