# Robinson & Ledyard *v.* Holt.

*Attachment by Landlord, against Tenant's Crop.*

1. *Sufficiency of affidavit.*—An affidavit for an attachment, at the suit of the landlord, alleging a refusal to pay by the tenant after the maturity of the debt, must also allege a demand; and an averment of the removal of the crop without paying the rent and advances due, not negativing the consent of the landlord, is also substantially defective.

2. *Amendment of affidavit, before and since December 25, 1887.*—Since December 25, 1887, when the Code became operative, an affidavit for an attachment may be amended in matters of substance, as well as matters of form (Code, § 2998); but (§ 10) this provision does not apply to cases commenced before that day.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by Robinson & Ledyard, suing as partners, against P. S. Holt; and was commenced by attachment, sued out on the 3d November, 1887, before the clerk of the Circuit Court. The affidavit for the attachment was made by W. Thompson, "agent and attorney for said plaintiffs," and stated that P. S. Holt is indebted to Robinson & Ledyard in the sum of $200, for rent and advances for the year 1887; that said amount is due by said P. S.

[Robinson & Ledyard v. Holt.]

Holt, to said Robinson & Ledyard as landlords of said Holt, for rent of land belonging to said Robinson & Ledyard, known as the 'Clanton Place' in Macon county, Alabama, and for advances, said Holt having rented said place from said Robinson & Ledyard; that said amount of $200 due said Robinson & Ledyard as landlords, for rent and advances, by said P. S. Holt, is now due and remaining unpaid, and said Holt refuses to pay the same; and affiant further says on oath, that the crop, or a part of it, has been removed from the place, without paying the rent, and that the said Holt refuses to pay said rent and advances." On the trial, at the March term, 1888, the defendant pleaded in abatement of the attachment, on account of specified defects in the affidavit. The court sustained the plea, and rendered judgment quashing the attachment; and also refused to allow plaintiffs to file a sufficient affidavit, as they proposed to do. The judgment-entry recites that the plaintiffs excepted to this refusal, and they here assigned it as error.

W. F. FOSTER, for appellant, cited Code, § 2998; 1 Kent's Com. 455–7; Cooley's Const. Lim. (4th ed.), 351, 359, 448–62; Potter's Dwar. Statutes, 162, 472; 2 Peters, 380; *Rathbone v. Bradford*, 1 Ala. 312; *Paschal v. Whitsett*, 11 Ala. 472; *Steamboat Co. v. Barclay*, 30 Ala. 120; *Hoffman v. Hoffman*, 26 Ala. 535; *Eskridge v. Ditmars*, 51 Ala. 245; *Goodlett v. Kelly*, 74 Ala. 213; 53 Ala. 42.

J. A. BILBRO, *contra*, cited *Fitzsimmons v. Howard*, 69 Ala. 590; *Bell v. Allen*, 76 Ala. 450; *State v. McBride*, 76 Ala. 51; Code, § 10.

STONE, C. J.—We feel constrained to affirm the judgment of the Circuit Court in this case. The affidavit for attachment is fatally defective in substance. It avers a failure to pay rent, and for the advances, after they had matured, but fails to aver that demand had been made. It avers that the crop, or a part of it, had been removed from the place or premises without paying the rent and advances, but fails to negative the consent of the landlord.—Code of 1876, § 3472; Code of 1886, § 3061; *Fitzsimmons v. Howard*, 69 Ala. 590; *Bell v. Allen*, 76 Ala. 450.

The attachment was sued out in November, 1887, before the Code of 1886 went into effect. After December 25, 1887, when that Code became the law of the State, plaintiffs

asked leave to amend the affidavit, by supplying the omissions above pointed out.—Code of 1886, § 2998. The court did not err in denying this motion.—Code of 1886, § 10; *State v. McBride*, 76 Ala. 51. That section expressly declares, "This Code shall not affect any existing right, remedy, or defense." It emphasizes this provision by adding: "As to all such cases, the laws in force at the adoption of this Code shall continue in force." Both the right and the remedy were in existence at that time; and hence were not affected by the change in section 2998 (3315).

Affirmed.