# *Ex parte* Oehmig & Weihl.

### *Application for Mandamus to Chancellor.*

1. *Statutory claim suit under execution on decree in chancery.*—Under statutory provisions now of force (Code, § 3006), when a claim is interposed to property on which an execution from the Chancery Court has been levied, the trial must be had in the Circuit Court of the county; but this provision was not of force until December 25, 1887, when the Code of 1886 went into effect, and it does not authorize a transfer to the Circuit Court of a claim suit then pending in the Chancery Court.

Application by petition, in the name of Oehmig & Weihl as partners, for a *mandamus* to Hon. THOMAS COBBS, presiding in the Chancery Court of Jackson, requiring him to hear and determine a statutory claim suit, under the facts stated in the opinion.

WM. L. MARTIN, for the petitioners.

CLOPTON, J.—This proceeding is an application for a *mandamus* to the Chancellor of the North-western Chancery Division, requiring him to hear and determine a claim inteposed to personal property levied on by execution issued on a

moneyed decree rendered by the Chancery Court for Jackson county, in favor of the petitioners, and against N. W. Vaught and others. The execution was levied June 2d, 1887, and two days thereafter, E. J. Vaught interposed the claim by making the required affidavit and bond. On June 4th, 1887, the sheriff returned the execution, affidavit and claim bond, to the Chancery Court from which the execution issued; and an issue having thereafter been made between the plaintiffs in execution and the claimant, the cause was submitted, April 1st, 1889, for decree in vacation. The chancellor being of opinion that section 3006 of the Code, 1886, governed the proceeding, made an order setting aside the submission, and returned the papers for procedure under that section.

The statutes in force prior to the time the present Code went into effect, regulating the return of the execution, affidavit and bond, when the property levied on is claimed by a person not a party to the execution, comprised sections 705 and 3342 of the Code of 1876. If the execution issued from the Probate Court, section 705 provided: "The sheriff must return the original execution to the judge of probate issuing the same, with his return thereon of the interposition of a claim. He must, also, return a copy of the execution, with the returns thereon, the affidavit and bond, to the office of the clerk of the Circuit Court of his own county, where the trial of the right of property is to be had." When the execution issued from any court other than the Probate, section 3342 provided: "The sheriff must return the affidavit and bond to the next term of the court from which the execution issued, when an issue must be made between the plaintiff in execution and the claimant, in which the former must be required to allege that the property levied on is the property of the defendant in execution, and liable to its satisfaction." Under these statutes, the Circuit Court had no jurisdiction to try the right of property, unless the execution issued from the Probate or Circuit Court; when the execution issued from the Chancery Court, that court had exclusive jurisdiction of the claim suit.

Section 705 was changed by the codifiers, and incorporated in the Code of 1886 as section 3006, so as to require the sheriff, when execution issued from the Probate or *Chancery* Court, to return a copy thereof, and of the returns thereon, the affidavit and bond, to the next term of the Circuit Court, or court of like jurisdiction of his county, where the trial of the right of property must be had. Section 3006, however, did not become the law, so far as it applies when the execution issued from the Chancery Court, until December 25th, 1887, when the Code of 1886 went into effect. At the time the

sheriff returned the interposition of the claim, and affidavit and bond to the Chancery Court, they were not returnable, and could not have been legally returned, to any other court. From the time of the return, the claim suit was pending in that court, and the statute devolved the duty to hear and determine the issue made between the plaintiffs in execution and the claimant. Section 3006 does not operate a transfer, or authorize the transfer of the trial of the right of property to the Circuit Court. Section 10 of the Code of 1886 declares: "This Code shall not affect any existing right, remedy or defense. . . . As to all such cases, the laws in force at the adoption of this Code, shall continue in force." At the time the Code went into effect, the claim suit was pending in the Chancery Court, and the plaintiffs in execution had the right to have it heard and determined in that court. As to the trial of the right of property, section 3342 of the Code, 1876, is continued in force.—*Robinson v. Holt*, 85 Ala. 596.

The writ of *mandamus* will be awarded and issued, unless the Chancellor, upon being advised of our conclusion, proceeds to hear and determine the claim suit.