# Barker *v.* Anniston, Oxford & Oxanna Street Railway Co.

*Action by Passenger against Street Railway Company, for Damages on account of Personal Injuries.*

1. *Rulnigs on demurrer; when revisable.*—On appeal by husband and wife from a judgment rendered against them as joint plaintiffs, in an action commenced originally in the name of the wife as sole plaintiff, they can not assign as error, either jointly or separately, the sustaining of a demurrer to the complaint because of the non-joinder of the husband.

2. *Action for personal injuries to wife; who may or must sue.*—Under statutory provisions now of force (Code, § 2347), the wife must sue alone "for all injuries to her person;" but this provision does not apply to injuries suffered by her prior to February 28, 1887, when said statute went into effect, the right of action being then vested in husband and wife, for the benefit of the husband.

3. *Statute of limitations to amended complaint.*—When the wife sues

[Barker v. Anniston, Oxford & Oxanna Street Ry. Co.]

as sole plaintiff, on a cause of action which can only be prosecuted by husband and wife jointly, for the benefit of the husband, and his name is added by amendment after the statutory bar is complete, the statute of limitations is a bar to the action.

APPEAL from the Circut Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

KNOX & BOWIE, and KELLY & SMITH, for appellants.—The court erred in sustaining the demurrer to the complaint for non-joinder of proper parties plaintiff.—*L. & N. R. R. Co. v. Jones*, 83 Ala. 376; *Thrasher v. Ingram*, 32 Ala. 645; *Hair v. Avery*, 28 Ala. 273; Chitty on Pleading, p. 83; *R. R. Co. v. Sullivan*, 59 Ala. 272. If James Barker, the husband, was a proper party plaintiff, the complaint was properly amended by adding him as plaintiff, and the suit, as thus amended, was not barred by the statute of limitations of one year, for it was within the *lis pendens*.—*Evans v. Richardson*, 76 Ala. 329; *R. R. Co. v. Sullivan*, 59 Ala. 272. .

PETTUS & PETTUS, and E. H. HANNA, *contra*.—The suit could not be maintained by the wife alone.—*Pickens v. Oliver*, 29 Ala. 533; *Walker v. Fenner*, 28 Ala. 367; *Cochran v. Cunningham*, 16 Ala. 448; 1 Chitty on Pl., p. 73. One year is a bar to actions for personal injuries.—Code of 1886, § 2619; *R. R. Co. v. Hawk*, 72 Ala. 112; *R. R. Co. v. Crenshaw*, 65 Ala. 566. The amendment here made could not be properly made after the expiration of a year from the time the cause of action accrued.—*King v. Avery*, 37 Ala. 169; *Evans v. Richardson*, 76 Ala. 332; *Mohr v. Lemle*, 69 Ala. 180; *Seibs v. Englehardt*, 78 Ala. 508; *R. R. Co. v. Smith*, 81 Ala. 229; *R. R. Co. v. Chapman*, 83 Ala. 453; *Tel. Co. v. Way*, 83 Ala. 542.

COLEMAN, J.—The present action is brought to recover for alleged injuries to the person of Mrs. Mary C. Barker, received while travelling as a passenger on the defendant's street railway company. These injuries were caused by an accident which happened on December 30th, 1886. The suit was commenced in the name of Mrs. Barker, as the sole plaintiff in the action, and within the period of one year as required by the statute.—Code, 1886, § 2619. After the lapse of more than a year from the time of the accident, the complaint was amended, on demurrer being sustained for non-joinder of proper parties plaintiff, by adding James Barker, the original plaintiff's husband, as a co-plaintiff with her in the action.

The main questions raised by this appeal are, (1) whether

the court below erred in ruling that the husband was a neces-sary party plaintiff; and (2) whether the case made by the amended complaint, brought in the name of both the husband and wife, was barred by the statute of limitations of one year.

1. It is contended by appellee's counsel, that any assignment of error questioning the correctness of the court's rulings on the pleadings before the amendment making Mr. Barker a party, should be stricken out, because they do not affect the suit of the husband, and he can not assign said rulings as error, either separately or jointly with the wife, and she can not assign errors separately. The action, it is said, in other words, is joint, and the assignments must, therefore, be joint —there can be no severance. This view of the case is necessarily true, if the cause of action as made by the complaint is one which will only lie jointly in the name of the husband and wife, and not in the name of the wife alone. The ruling of the court sustaining the demurrer holds this proposition, and conceding the right of the appellants to question it, we are of the opinion, that this ruling was correct.

2. The present Code, it is true, provides that "all damages which the wife may be entitled to recover for injuries to her person or reputation, are her separate estate" (Code, 1886, § 2343), and that she must sue alone, at law or in equity, for "all injuries to her person or reputation."—Code, § 2347. This provision of the Code, however, did not go into effect until the passage of the act of February 28, 1887, known as the "New married woman's law" of 1887. It was not the law when the injury was received, and when the right of action accrued on December 30th, 1886. At that time the damages allowed as compensation for injuries sustained by the wife accrued to the husband.

This right of action being in the husband and wife, for the husband's benefit, and being capable of enforcement as his property, was preserved through the influence of section 10 of the Code, and unaffected by the act of February 28, 1887, which conferred on married women the right to sue alone for injuries to their persons, and to recover such damages as their separate property. As to the present claim, the laws in force at the time of the accrual of the right of action must continue in force for the purpose of its enforcement. This is made apparent by the act of February 28, 1889 (Acts 1888–89), amendatory of section 10 of the Code. This amendment re-enacts this section, but provides, in addition to other named exceptions, that it shall not apply to "changes in forms of remedy or defense, to rules of evidence, nor to provisions authorizing amendments of process, proceedings or pleadings in

[Ala. Great Southern Railroad Co. v. Chumley.]

civil causes." The point to be emphasized is, that it preserves unimpaired all prior existing causes of action, and this includes the present one.—*State v. McBride*, 76 Ala. 51; *Jordan v. Smith*, 83 Ala. 299; *Robinson v. Holt*, 85 Ala. 596.

3. Such being the *status* of the husband's right at the time of the amendment introducing him as a co-plaintiff with the wife, the amendment clearly made a new cause of action; being a new matter or claim not within the *lis pendens* of the former suit brought by the wife alone. The case of *King & Wife v. Avery*, 37 Ala. 169, is conclusive on this point, as also on the proposition, that the new cause of action, introduced by the amendment, was barred by the statute of limitations of one year at the time it was made. The rulings of the Circuit Court fully accord with the views above announced, and its judgment must be affirmed.

This opinion was substantially prepared by Judge SOMERVILLE before his resignation, and adopted by the court.