# People's Home Tel. Co. v. Cockrum.

### *Action by Husband for Injury to Wife.*

(Decided April 17, 1913.   62 South. 86.)

1. *Husband and Wife; Injury to Wife; Husband's Action.*—The provisions of sections 4489 and 4493, Code 1907, do not deprive a husband of the right to sue for damages he sustains as the proximate result of an injury negligently inflicted by another upon his wife's person; he may only recover compensatory damages, but not exemplary damages, which are recoverable only by the wife.

2. *Trial; Issues; Jury Question.*—Where there is evidence authorizing the jury to infer the existence of the fact, although such inference is contradicted by the other evidence, it is not error to refuse a general charge to find against such fact.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Charles C. Cockrum against the People's Home Telephone Company for damages for injuries to his wife. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Cockrum's wife, while passing along Nineteenth street in Birmingham, came in contact with a wire hanging down from one of appellant's telephone poles, and was greatly shocked thereby. The questions raised on the pleading are those discussed in the opinion. The court charged: "It was the duty of the defendant company to use a guard wire or other reasonable means necessary to protect its wire from the trolley wire of the Birmingham Railway, Light & Power Company, to protect and avoid just such accidents as is claimed in this complaint, if you believe that it crossed such wire." The court also charged that, in effect, plaintiff was entitled to recover punitive damages, in the character of action here brought by the husband, for damages on account of the injury to the wife.

TILLMAN, BRADLEY & MORROW, JOHN S. STONE, and FRANK M. DOMINICK, for appellant. The court was in error in overruling demurrer to counts 1 to 6, inclusive of the complaint.—*R. I. & S. Co. v. Williams,* 168 Ala. 612; *Sloss-S. S. & I. Co. v. Smith,* 166 Ala. 447; *L. & N. v. Holland,* 164 Ala. 73; *Ensley Ry. v. Chewning,* 93 Ala. 24; *T. C. I. v. Smith,* 55 South. 170; *McKay v. Southern Bell,* 111 Ala. 337; *Sheffield Co. v. Morton,* 161 Ala. 153. No duty was on the company to use a guard wire at that place.—Keasby on Electric Wires, sec. 219; 61 N. W. 1101; 42 Atl. 759; *McKay v. So. Bell, supra.* There can be no infliction of punitive damages in this case, and the court erred in refusing charges 2, 5, and 9.—2 Sutherland on Damages, sec. 392; *Day v. Woodworth,* 13 How. 371; 6 Mayf. 247; *W. U. T. Co. v. Westmoreland,* 151 Ala. 525; *Crowder's Case,* 135 Ala. 417; *Birm. So. v. Lintner,* 141 Ala. 427; 21 Cyc. 1525; 15 A. & E. Enc. of Law, 861; 79 Am. Dec. 483. The damages are consequential, and call for compensation and are not for punishment.—*B. R. L. & P. Co. v. Dube,* 140 Ala. 276; *B. R. L. & P. Co. v. Chastain,* 158 Ala. 421; *B. R. L. & P. Co. v. Baker,* 161 Ala. 135; *L. & N. v. Williams,* 91 Ala. 638. The court was in error in refusing the charge on the wanton count.—*Mont. St. Ry. v. Rice,* 144 Ala. 612; *L. & N. v. Brown,* 121 Ala. 226.

DENSON & DENSON, for appellee. Counsel discuss the errors as to pleadings, but without citation of authority. They insist that there was no error in the charge of the court relative to the guard wire.—66 N. J. L. 19; 64 L. R. A. 101; 31 L. R. A. 576; 100 Pac. 691; 26 L. R. A. 810; 31 L. R. A. 566; *Sheffield v. Morton,* 161 Ala. 159; *McKay v. South. Bell,* 111 Ala. 345. The court did not err in instructing that exemplary damages

might be recovered.—26 Conn. 416; 4 Am. Rep. 55; 43 S. E. 307; 48 N. H. 92; 61 Md. 89; 26 Pac. 448; 35 Ark. 492; *Dube v. B. R. L. & P. Co.*, 140 Ala. 276; *Williams v. S. & N.*, 91 Ala. 639; 54 Mo. 304; 27 N. J. L. 86; 47 Mich. 59; 36 N. H. 9. The court was not in error in refusing the general charge on the wanton count.— *L. & N. v. Webb,* 97 Ala. 310; *B. R. L. & P. Co. v. Murphy,* 56 South. 819; *Same v. Williams,* 158 Ala. 381; *Home T. Co. v. Fields,* 150 Ala. 313.

ANDERSON, J.—Mr. Sutherland, in discussing the right to recover exemplary damages for personal injuries, in section 1253, vol. 3, of his work on Damages, says: "Where the action is brought by one who suffered the injury in his own person, exemplary damages may be allowed, where the doctrine of such damages prevails, if the wrong was done with malice, or with reckless indifference to consequences." Prior to the present married woman's law, which was enacted in 1887, the wife could not sue alone for personal injuries, but had to sue jointly with her husband and for his sole benefit, and it may be that, as she could not then sue alone, and would be a party to the action with her husband, exemplary damages could have been recovered.— *Barker v. Anniston R. R. Co.,* 92 Ala. 314, 8 South. 466. This would doubtless be so upon the theory that the wife could not bring a separate suit; but as she, the injured party, was a party to the cause exemplary damages could be recovered. When, however, the present married woman's law, by section 4493 of the Code of 1907, requires her to sue alone for injuries to her person or reputation, and section 4489 makes the damages which she is entitled to recover her separate estate, she is the only party who is entitled to recover exemplary or punitive damages, as the husband is, by the statute,

shorn of all right in the matter, except to recover compensatory damages, as hereinafter enumerated.

While the present statute requires the wife to sue alone for torts against her person or reputation, this court has held that this statute does not emancipate her from her household duties or deprive the husband of the right to her domestic service and society, or relieve him of the duty of providing for her "in sickness and in health."—*Birmingham So. R. R. Co. v. Linter*, 141 Ala. 420, 38 South. 363, 109 Am. St. Rep. 40, 3 Ann. Cas. 461. As was said by Dowdell, J., in speaking for the court in the case of *Southern R. R. Co. v. Crowder*, 135 Ala. 417, 33 South. 335: "Our statute on this subject (Code, § 2521) reads as follows: 'The earnings of the wife are her separate property; but she is not entitled to compensation for services rendered to or for her husband, or to or for the family.' It will be observed that our statute is not as unrestricted as the statutes of New York and Nebraska are in giving to the wife her 'earnings,' but, on the contrary, contains an express limitation that she shall not be entitled to any compensation for services rendered to or for her husband, or to or for the family; or in other words, for any services performed by her in discharge of any duty or obligation growing out of the marriage relation. That it was not the intention of the Legislature, in conferring, by section 2521, upon the wife the right to her earnings, to absolve the wife from the duties and obligations imposed by the marriage vow in her marital and domestic relations is placed beyond cavil by the limitation contained in the second clause of the statute. Section 2527 provides that for all injuries to the person the wife must sue alone. This in no wise takes from the husband his right of action for the loss and damage he has sustained as a proximate result of the injury done

to the wife. He may not sue for the injury itself, and this the appellee concedes. Our conclusion is that the statute does not affect the reciprocal duties of husband and wife growing out of the marriage state, within their domestic relations, and that the husband has a marital right to the wife's services to himself and to the family, and for the loss of which, when caused by the wrongful act of another, he has his right of action in damages as against such wrongdoer. So, likewise. for the loss to him of the companionship of his wife, resulting from the wrong and injury to her. His relation as husband imposes upon him the duty of providing and taking care of his wife, and any and all expenses paid or incurred by him on account of injuries received by her are recoverable as an element of damages sustained by him." It must be observed from the foregoing that the husband "may not sue for the injury itself," but has a right of action only for the loss and damage he has sustained as a proximate result of the injury done to the wife. If his right is solely compensatory, and he may not sue for the "injury itself," as stated in the *Crowder Case, supra,* then he cannot recover exemplary or punitive damages, but must be confined in his recovery to compensatory damages as a proximate result of the injuries. The wife only can recover exemplary or punitive damages, which the law permits as punishment, and not as compensation.

While the relationship is not identical, the right of the husband to recover damages for injuries to the wife is analogous with the right of the parent to recover for injuries to a child. In such instance the recovery is intended as compensation, and not punishment. Both actions, that of the father and that of the husband, grow out of the family relation. Both actions are founded on the basic idea, as it were, of a right to possession and

service of the wife or child, and a corresponding duty to provide and to bear the expenses, if any, to the dependent. Both actions refuse recovery for mental distress on the part of the plaintiff, arising out of the suffering of the injured party. Both actions at common law abate on the death of the injured party, except for the loss of service, etc., up to the time of death.—Cooley on Torts (3d Ed.) p. 470; 21 Cyc. 1528. This court has laid down beyond dispute, the doctrine that when a father brings an action for personal injuries to his child, he cannot recover punitive damages.—*Bube v. Birmingham R. R. Co.,* 140 Ala. 276, 37 South. 285, 103 Am. St. Rep. 33; *Birmingham R. R. Co. v. Chastain,* 158 Ala. 421, 48 South. 85.

The case of *Johnson v. Disbrow,* 47 Mich. 59, 10 N. W. 79, does not authorize the recovery of exemplary damages by the husband for injuries to the wife. The headnote says something about exemplary damages, but the opinion says mental anguish. Moreover, the court seemed to go upon the idea that the defendant had committed a tort against the husband as well as the wife, and that the criminal conversation injured the husband's reputation as well as that of the wife.

The case of *Hopkins v. Atlantic & St. L. R. R. Co.,* 36 N. H. 9, 72 Am. Dec. 287, is not opposed to the present holding. There the husband sued for injuries to himself and wife by two separate counts in the same complaint. The first count was for injuries to himself, and the second claimed compensatory damages to himself, resulting from injuries to his wife. The court held that he was entitled to compensation for the loss of services, etc., of his wife, and that he was also entitled to exemplary damages. It is evident, however, that the exemplary damages were recoverable under the count claiming for injuries done the plaintiff, and not the one

claiming compensatory damages for the loss of the labor, comfort, and society of the wife.

The case of *Hyatt v. Adams,* 16 Mich. 180, did not allow exemplary damages.

*Kennedy v. Way,* Brightly, N. P. (Pa.) 186, is a nisi prius report, which we have not been able to find. It seems, however, by the reference to same, that the suit was brought for an injury to his wagon and team.

The case of *Brame v. Clark,* 148 N. C. 364, 62 S. E. 418, 19 L. R. A. (N. S.) 1033, 16 Ann. Cas. 73, was an action quare clausum fregit, brought by the husband for a malicious or willful trespass upon his premises, wherein it was charged, as matter of aggravation, that the defendant entered for the purpose of seducing, and did insult, the plaintiff's wife. This was an injury to the husband, and not solely the wife.

We are also cited to cases wherein the husband sued for the alienation of the wife. In cases wherein the wife is persuaded or aided in the disregard of her marital duties, the tort is against the husband.—*Barnes v. Allen,* 30 Barb. (N. Y.) 663; *Holleman v. Harward,* 119 N. C. 150, 25 S. E. 972, 34 L. R. A. 803, 56 Am. St. Rep. 672.

The trial court erred in the oral charge in authorizing the jury to assess punitive damages, as well as in refusing the defendant's written charges seeking to eliminate such damages.

The trial court did not err in refusing the defendant's general charge as to the wanton counts. There was evidence from which the jury could infer defendant's servants knew of the broken or sagged wire where the plaintiff's wife was injured some time before the accident, and were conscious that it was calculated to injure people who were liable to, and probably would, come in contact with same, and that they had ample time to

[St. Louis & S. F. R. R. Co. v. Jamar.]

remedy or remove same after discovery and before the injury. It is true that the lineman denied all knowledge of its being down, but there was evidence from which the jury could infer that he or some other servant of the defendant knew that it was down.

There was no reversible error in the admission of the evidence, and the other errors insisted upon in argument of counsel involve questions that were settled adversely to appellant's contention in the case of *Birmingham R. R. Co. v. Cockrum*, 179 Ala. 372, 60 South. 304.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.