## In re DAVIDSON.

(District Court, M. D. Alabama, N. D.   May 13, 1916.)

### No. 3733.

1. COURTS ⬦366(1)—PRECEDENTS—FEDERAL COURTS.
    The federal courts will follow the construction of a state statute made by the state courts.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 956, 957, 967; Dec. Dig. ⬦366(1).]
2. BANKRUPTCY ⬦348—CLAIMS—PREFERENCE CLAIMS—RIGHTS OF WIFE.
    Code Ala. 1907, § 4492, declares that the wife has full legal capacity to contract as if she were sole, except as otherwise provided by law. Section 4494 declares that the wife, if the husband be of sound mind, and has not abandoned her, or be not a nonresident, or under conviction of crime for two years or more, cannot alienate or mortgage her lands without the consent of her husband, but if the husband be non compos mentis, etc., the wife may alienate her lands as if she were sole. Sections 4487, 4497 declare that the husband and wife may contract with each other, but such contracts are subject to rules of law as to contracts between persons standing in confidential relations, but the wife shall not become surety for her husband, and that the earnings of the wife are her separate property, but she shall not be entitled to compensation for services rendered to or for her husband, or to or for the family. A wife, who discharged her marital duties, became a clerk in her husband's store at an agreed salary. *Held* that, on the bankruptcy of the husband, the wife was entitled to priority as to her claim for wages due, for the provision that contracts between husband and wife should be subject to the rules of law as to contracts between persons standing in confidential relations merely declares a rule of evidence.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. ⬦348.]

In Bankruptcy. In the matter of the bankruptcy of Jesse Davidson. Proceeding to review the finding of the referee allowing the preferential claim of Dora Davidson.   Order of referee affirmed.

Weil, Stakely & Vardaman, of Montgomery, Ala., for trustee.
Steiner, Crum & Weil, of Montgomery, Ala., for claimant.

HENRY D. CLAYTON, District Judge. This matter is submitted for decree upon the claim of Dora Davidson for wages due her by the bankrupt. The claim is resisted by the trustee, on behalf of the creditors of the bankrupt, on the sole ground that the services, the foundation of the claim, were rendered by her, the wife, to her husband, the bankrupt.

There is no question of fact in dispute. Jesse, the bankrupt, and Dora, the claimant, were husband and wife. While they were living together as such, he and she entered into a contract whereby he agreed to pay her a salary for her services as clerk to him in his jewelry store in the city of Montgomery, where they reside, and she earned the amount agreed upon, and it is reasonable and fair compensation. Under this contract, if it be valid, Mrs. Davidson has a preferential claim.

Of course, there is no sound ethical reason why the wife may not perform, outside of her marital duties, services as clerk for the hus-

band, and be paid therefor. Here she is not asking any recompense for the discharge of her duties as wife and housekeeper. But it may be observed that she made the home comfortable and attractive for her family; that she was always considerate of the sometimes neglected individual, the husband; and it is probable that, if Jesse had been altogether as industrious and competent a merchant or storekeeper as Dora was a housekeeper, he would never have failed in his business. Certain it is that Dora deserves commendation for her efforts to make the marriage venture with Jesse a success at home and down town at the store.

The opposing creditors, however, contend that the wife was under the disability of that relic of barbarism which denied her the right to enter into the contract with her husband. This archaic rule was a part of the rich inheritance from the common law, and, of course, at one time obtained in Alabama. It is sufficient to say for the purposes of this case that the common law treated the wife as though she were the chattel of the husband, and then, as if to treat her in more sympathetic fashion, declared that upon her marriage the existence of the wife became merged into that of the husband. This ought not to be, this cannot be, the idea now. There are several statutes in Alabama which evidence the fact that this commonwealth has liberated the wife from such indefensible thralldom and recognizes her as having an individual legal entity. For instance, why should she not have the right, as she now has under the Alabama law, to prosecute suits in her own name for the recovery of her property, or damages for her own personal injuries, notwithstanding her coverture? And it is true that she cannot be compelled to testify against her husband, but ought she not to have, as she now has in Alabama, the right to testify against him in case she is the victim of his cruelty? Or why may not the husband and wife voluntarily testify for or against each other in criminal cases? Gen. Acts Ala. 1915, p. 942.

[1, 2] It is gratifying that under the laws of Alabama the rights of the wife are just as much to be respected as the rights of the husband. It is a beautiful relation, a commendable partnership, that of husband and wife, where the two work in harmony in the pursuit of happiness. But, whatever progress may have been made in the art of enlightened government, we are in this case to look to the statutory laws of Alabama to determine the contractual ability of the wife— to ascertain her legal status, whether she could lawfully enter into the contract with her husband here involved.

Section 4492 of the Code of Alabama declares:

"The wife has full legal capacity to contract as if she were sole, except as otherwise provided by law."

It goes without saying that this statute confers upon the wife every right to contract which the husband has, unless there is some law restricting her right.

Section 4494 of the Code provides:

"The wife, if the husband be of sound mind, and has not abandoned her, or be not a nonresident of the state, or be not imprisoned under a conviction for crime for a period of two years or more, cannot alienate or mortgage her

lands, or any interest therein, without the assent and concurrence of the husband, the assent and concurrence of the husband to be manifested by his joining in the alienation in the mode prescribed by law for the execution of conveyances of land. But if the husband be non compos mentis, or has abandoned the wife, or is a nonresident of the state, or is imprisoned under a conviction for crime for a period of two years or more, the wife may alienate or mortgage her lands as if she were sole."

Section 4497 of the Code provides:

"The husband and wife may contract with each other, but all contracts into which they enter are subject to the rules of law as to contracts by and between persons standing in confidential relations; but the wife shall not, directly or indirectly, become the surety for the husband."

Section 4487 of the Code declares:

"The earnings of the wife are her separate property; but she is not entitled to compensation for services rendered to or for the husband, or to or for the family."

These are all the statutes of Alabama cognate to the right of the wife to contract.

A consideration of these several sections shows, so far as they are concerned, that the wife has full power to contract as though feme sole, except that she cannot become the surety for her husband (section 4497), and except she cannot alienate her lands without regard to the limitations set forth in section 4494.

But it is insisted that the words, "all contracts into which they enter are subject to the rules of law as to contracts by and between persons standing in confidential relations" (section 4497, supra), qualify or abridge the right of the wife to contract with her husband. I do not think this is true, for I believe it is manifest that the particular office of the clause quoted is to furnish a rule of evidence and no more. As such it is a wise rule, reasonable and cautionary, to be observed when contracts between husband and wife are under consideration.

It is further insisted that section 4487, supra, is such a delimitation of the power of the wife to contract as to preclude her from entering into a contract with her husband for services outside of those required by the marital relation. I cannot agree that this is a sound contention. I have not found any decision of the Supreme Court of Alabama decisive of this question.

The attorneys for the respective parties have each cited the case of People's Home Tel. Co. v. Cockrum, 182 Ala. 547, 62 South. 86, in support of their divergent views. That was a case brought by the husband for personal injuries to the wife, and not under any contract. In the opinion, rendered for the court by Chief Justice Anderson, it was said, inter alia:

"It will be observed that our statute is not as unrestricted as the statutes of New York and Nebraska are in giving to the wife her 'earnings,' but, on the contrary, contains an express limitation that she shall not be entitled to any compensation for services rendered *to or for her husband, or to or for the family*, or, in other words, *for any services performed by her in discharge of any duty or obligation growing out of the marriage relation*." (Italics are mine.)

There can be no doubt that the interpretation of the statute then under consideration by the Supreme Court of Alabama must be fol-

lowed by a federal court. However, it does not seem that the decision in that case is a narrowing interpretation of the statute which the contesting creditors insist that it is. Pretermitting the suggestion made in the argument that the above quotation taken from the opinion is obiter dictum, undoubtedly the court meant to say and did say no more than that the statute does not permit the wife to have compensation for services rendered the husband or family by virtue of her marriage relation, and not outside of the duties incumbent upon her as wife. The statutes and the decision do not deny the right of the wife to contract with the husband for services rendered outside of her marital duties. Her right to contract under section 4492 is not abridged by section 4487. It appears to me that the court, in deciding People's Home Tel. Co. v. Cockrum, supra, held the view merely that the wife cannot contract for remuneration for her services rendered in discharge of her duties growing out of and inseparably connected with the marriage relation.

In Nuding v. Urich, 169 Pa. 289, 32 Atl. 409, the Supreme Court of Pennsylvania, interpreting the language of their statute, "Hereafter a married woman may, in the same manner and to the same extent as an unmarried person, make any contract in writing or otherwise," etc., held that the wife was entitled to her earnings for services to her husband outside of the marital duties.

In Roche v. Union Trust Co. (Ind. App.) 52 N. E. 612, the Indiana statute was under consideration, and the language is quoted:

"All legal disabilities of married women to make contracts are hereby abolished, except as herein  *  *  *  provided."

And further:

"The earnings and profits of any married woman, accruing from her trade, business,  *  *  *  or labor, other than labor for her husband or family, shall be her sole and separate earnings."

Roche, a dry goods merchant, made an assignment to the trust company for the benefit of his creditors, and the wife sought to recover from the company for services as a clerk in her husband's store and for money loaned by her to her husband. The court, among other things said:

"At common law, contracts between husband and wife are absolutely void, for the want of parties and the wife's power to consent.  *  *  *  At common law, also, the earnings of the wife, from whatever source derived, belonged to the husband.  *  *  *  If we could determine the question by the common-law rule, it would be one of easy solution. The strictness and rigidity of that rule, however, have been greatly relaxed and modified by legislative enactments, and by a liberal construction of such enactments by the courts, to the end that married women may be better protected in their rights.  *  *  *  It must be conceded that, if the contract between appellant and her husband related to services performed by her in discharge of her household duties, and the duties incumbent upon her to perform by reason of her marital relations, then there would be no consideration to support the contract.  *  *  *  But here appellant performs services for her husband which the marital relation did not enjoin upon her.  *  *  *  She was under no obligation to leave her home and its surroundings, and spend many years of her life clerking in a store for her husband, and yet she did this under a contract that she was to be paid for it."

An array of authorities is cited by the court to sustain the very illuminating and satisfactory reasoning in the opinion.

The only case I find bearing directly upon the instant one is In re Davidson, which was never printed. There, in the opinion and order of the court in the case (in bankruptcy, Minute Book 10, p. 500, Mid. Dist. Ala.) United States District Judge Jones said:

"The court, upon consideration, is of the opinion that under the laws of Alabama a wife can recover for services rendered her husband other than domestic services."

In my opinion, there is nothing in morals, nothing in sound public policy, or general law, and nothing in the laws of Alabama, which inhibited the making of the contract between the wife and the husband under which she earned her compensation now claimed. On the contrary, the laws of Alabama were intended to so emancipate the wife as to allow her the largest latitude in contracting for her services, rendered outside of her domestic relation of wife and housekeeper, and that the only restriction imposed upon her is that she shall not be entitled to any compensation for services ordinarily and naturally incumbent upon her in that beautiful relation which she assumed by her marriage vows.

The finding and conclusion of the referee are correct, and a decree will be entered overruling the objections to the claim of Dora Davidson, which has heretofore been filed and allowed.

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes