**Marie KOHL and Alfred G. Kohl, Sr., Plaintiffs,**

v.

**Ralph B. GRAHAM, Defendant.**

**Civ. A. No. 7377.**

United States District Court
D. Colorado.

March 21, 1962.

White & Steele, John E. Clough, Denver, Colo., for plaintiffs.

Wood, Ris & Hames, Eugene S. Hames, Denver, Colo., for defendant.

DOYLE, District Judge.

The complaint sets forth a claim on behalf of Marie Kohl seeking damages for personal injuries incurred in an automobile collision. It is alleged that she

was a passenger in a vehicle driven by her son and that the collision resulted from the wanton, reckless conduct of the defendant. A second claim is on behalf of Alfred G. Kohl, Sr., her husband. It demands property damages arising from injury to his automobile and loss of use thereof, and also for loss of consortium. There is a further demand for exemplary damages on behalf of the plaintiff, Alfred G. Kohl, Sr.

The present motion is to strike the allegation from the complaint whereby the plaintiff, Alfred G. Kohl, Sr. seeks recovery of exemplary damages resulting from the alleged wilful and reckless acts of the defendant.

The argument on behalf of defendant is that the claim for loss of consortium can not give rise to a demand for exemplary damages. Therefore, the question is whether the statute, Colorado Revised Statutes 1953, 41–2–2, is sufficiently broad to include the type of claims as here asserted. The provision in question reads:

"Exemplary damages.—In all civil actions in which damages shall be assessed by a jury for a wrong done to the person, or to personal or real property, and the injury complained of shall have been attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, such jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages."

It is said that loss of consortium is not a wrong to the person, or to personal or real property. Defendant cites an Alabama case, Peoples Home Telegraph Co. v. Cockrum, 182 Ala. 547, 62 So. 86 (1913). This case was decided on the Alabama Court's restricted construction of that state's married woman's act. See In re Davidson, 5 Cir., 233 F. 462. However, the issue here must be determined with reference to the scope of the Colorado exemplary damage statute gauged in relation to the nature and character of the right here claimed to have been invaded, and it would appear that it is sufficiently broad so as to authorize a claim such as the present one. The words, "wrong done to the person, or to personal or real property" were unquestionably intended to apply to any type of tort, and no reason is apparent why such damages should not be recoverable where the injury complained of is loss of consortium. It should be pointed out, of course, that the plaintiff, Alfred G. Kohl, Sr., has interposed a claim for loss of property which could of itself form a basis for a demand for exemplary damages under Section 41–2–2, supra. The claim for loss of consortium would also appear to be a property injury and also a tort. See 27 Am.Jur. 102, § 503, Elements of Cause of Action. It is there stated that the gist of the husband's claim for loss of his wife's consortium is measured in loss and expenses sustained by him as distinguished from damages to her. These are said to be essential to the claim itself. See also Restatement of the Law of Torts, section 693, which also recognizes the tortious character of this claim. That section provides:

"One who by reason of his tortious conduct is liable to a married woman for illness or other bodily harm is subject to liability to her husband for the resulting loss of her services and society, including any impairment of her capacity for sexual intercourse, and for any reasonable expense incurred by him in providing medical treatment."

Comment 'd' to this section also provides:

"The invasion of the husband's interests in the marriage relation is a separate tort against him, although it is conditioned upon factors which also constitute a tort against the wife. * * *"

There may be another reason for not recognizing the inclusion of exemplary damages, namely, the fact that this tort is an *indirect* invasion and a dependent right of the husband. To be sure, the claim for loss of consortium is a deriva-

'tive one and it was this characteristic about which the Alabama Court was concerned in Peoples Home Telegraph Co. v. Cockrum, supra. The Alabama Court expressed its idea in this regard as follows:

" '* * * His relation as husband imposes upon him the duty of providing and taking care of his wife, and any and all expenses paid or incurred by him on account of injuries received by her are recoverable as an element of damages sustained by him.' It must be observed from the foregoing that the husband 'may not sue for the injury itself,' but has a right of action only for the loss and damage he has sustained as a proximate result of the injury done to the wife. If his right is solely compensatory, and he may not sue for the 'injury itself,' as stated in the Crowder Case, supra, then he cannot recover exemplary or punitive damages, but must be confined in his recovery to compensatory damages as a proximate result of the injuries. The wife only can recover exemplary or punitive damages, which the law permits as punishment, and not as compensation."

While it is true that the claimant in a case such as the present one has not suffered a direct physical injury, a trespass so to speak, it does not thereby follow that he has not suffered a personal injury—that there has not been an invasion of a right which belonged to him. It would thus appear that the Alabama Court was making the ancient distinction between the forms of action, trespass and trespass on the case, a distinction which has little if any value at the present time. So, therefore, in the absence of authorities holding that where the plaintiff's claim is dependent on and derives from an injury to another he can not demand exemplary damages, the Court is not justified in rejecting, at least at this stage, the present demand for exemplary damages. Therefore, in the light of the authorities which have been presented so far, it is concluded that the instant motion should be denied. It is, therefore,

ORDERED that defendant's motion to strike be, and the same is hereby denied. Defendant is granted fifteen days within which to file an answer.