CATAWBA MILLS v. HOOD.

1. TRIAL JUSTICES—AMOUNT CLAIMED.—The jurisdiction of a trial justice in matters of contract is determined by the amount claimed in the summons and not by the amount that may be due. Where, however, the plaintiff reduces the amount then past due, for the purpose of making his claim for a sum not exceeding $100, so as to bring it within the jurisdiction of a trial justice, he cannot thereafter bring action for the items so omitted.

2. STOCK SUBSCRIPTIONS—REMEDIES.—The right given by the by-laws of a corporation to sell the stock of a stockholder for his delinquent stock subscription, does not prevent action to recover the amount of such delinquency. The two remedies are cumulative.

Before WATTS, J., Chester, March, 1894.

Action by the Catawba Mills against J. A. Hood & Bro., commenced in a Trial Justice's Court in November, 1893.

*Mr. S. P. Hamilton,* for appellant.

*Mr. George W. Gage,* contra.

September 17, 1894. The opinion of the court was delivered by

MR. JUSTICE GARY. The respondent is a corporation, organized in 1892, under the general incorporation act of this State. The capital stock was by the terms of the charter, and by the terms of subscription therefor, payable in monthly instalments on the third Tuesday of each month. The first payment was to be made in June, 1892, and was to be $2 per

share, and the five next payments thereafter, up to and including November, 1892, were to be $2 per share; and thereafter the payments were to be $3 per share, until the full par value of the stock was paid up, to wit: $100 per share. The appellants subscribed for five shares, and paid the first six instalments, but refused to make further payments.

This suit was begun in a trial justice's court in November, 1893. It was alleged in the summons that Hood & Brother "were, on the 1st of April, 1893, indebted to the Catawba Mills in the sum of $95, for subscription, &c." The suit was for the December, 1892, and the January, February, and March, 1893, instalments—four months on five shares, at $3 per share, $60. The trial justice's judgment is: "I find for the plaintiff sixty dollars, due 1 April, 1893."

Appellants' exceptions are as follows: 1. Because the trial justice court had no jurisdiction of the action, the complaint being to recover ninety-five dollars, when the amount due by defendants on the same demand was one hundred and eighty-six dollars. 2. Because the amount due by defendants to plaintiff was purposely reduced in plaintiff's complaint to obtain the jurisdiction of the trial justice court. 3. Because, under article 4, section 3, of plaintiff corporation's by-laws, no action can be maintained against defendant stockholders, who were delinquent in payment of instalments until the stock was sold in accordance with said by-laws.

Section 71 of Code provides: "That trial justices shall have civil jurisdiction in the following cases: 1. In actions arising on contract for the recovery of money only, if the sum claimed does not exceed one hundred dollars." The trial justice had jurisdiction because the "sum claimed" arose on contract, the action was for the recovery of money only, and the "sum claimed" did not exceed one hundred dollars. In *Cavender* v. *Ward*, 28 S. C., 472, Mr. Justice McGowan, speaking for the court, says: "As to the jurisdiction, we agree with the Circuit Judge. Subdivision 1 of section 71 of the Code gives to trial justices jurisdiction in actions on contracts for the recovery of money only, if the sum claimed does not exceed one hundred dollars. The sum claimed here, as stated in

the complaint, was sixty-four dollars, although the penalty was $140," citing *Bennett* v. *Ingersoll*, 24 Wend., 113; Wait Ann. Code, 64. The case of *State* v. *Fillebrown*, 2 S. C., 404, decides that trial justices have the same jurisdiction as justices of the peace. Section 22 of art. IV. of the Constitution shows that the jurisdiction is to be determined by the amount "claimed." That section is as follows: "Justices of the peace * * * shall have original jurisdiction * * * in all matters of contract * * * where the amount claimed does not exceed one hundred dollars."

Although a party has the right to reduce the amount of his cause of action so as to bring it within the jurisdiction of a trial justice, yet when he reduces the amount of his claim for this purpose by leaving off any of the items that could be included in his cause of action at the time of the commencement of his action in the trial justice court, he shall not thereafter be allowed to bring an action on the items so left out. Leaving out such items is equivalent to payment of them. The party would not, however, be precluded from afterwards bringing an action on items that could not have been included in the action at the time of the commencement thereof, by reason of the fact that the cause of action on such items had not then matured.

The objection to the remedy pursued in this case can not be sustained. The remedy for enforcing payment provided in article 4, section 3, of the by-laws, is cumulative, and not exclusive. This question is conclusively settled by the case of *Greenville & Columbia R. R. Co.* v. *Cathcart*, 4 Rich., 89.

It is the judgment of this court, that the appeal be dismissed, and the order appealed from affirmed.