## 9451

### STROY v. NICPEE.

#### (89 S. E. 666.)

1. MAGISTRATES — JURISDICTION — AMOUNT IN CONTROVERSY. — Under Const., art. V, sec. 21, providing that the jurisdiction of magistrates shall not extend to cases where the value of the property in controversy or amount claimed exceeds $100, a party cannot put a fictitious value on property in order to confer jurisdiction, though he can forego a part of his claim for money.

2. MAGISTRATES—JURISDICTION—AMOUNT IN CONTROVERSY.—Under such provision, the burden is on plaintiff to show that the value of the property in controversy is within the jurisdiction.

3. MAGISTRATES—JURISDICTION—AMOUNT IN CONTROVERSY—VALIDITY OF JUDGMENT.—Under such provision, the magistrate's judgment in a suit in which the value of the property in controversy exceeds $100 is void.

4. MAGISTRATES — JURISDICTION — AMOUNT IN CONTROVERSY — WAIVER OF CLAIM—EFFECT.—If a party foregoes part of his claim to give the magistrate jurisdiction of the suit, he cannot, after judgment, sue for the amount so omitted.

Before HON. C. J. RAMAGE, special Judge, Columbia, December, 1914. Reversed.

Claim and delivery by Ned Stroy against Arthur Nicpee. From a judgment of the Circuit Court, affirming judgment of the magistrate for plaintiff, defendant appeals.

*Mr. D. C. Ray,* for appellant, cites: *As to jurisdictional value:* 16 S. C. 371, 373; Const., art. V, sec. 21; 87 S. C. 369, 371. *Right to possession:* 51 S. C. 42, 43. *Claim equitable:* 60 S. C. 103, 105; 87 S. C. 369, 371. *Bill of sale distinguished from mortgage:* Benjamin Sales, sec 1; 27 S. C. 464.

*Messrs. Barron, McKay, Frierson & Moffatt* and *M. G. McDonald,* for respondent, cite: *Action against party in possession:* 34 Cyc. 1425. *Jurisdiction:* Code Civ. Proc., sec. 80; 25 S. C. 318; 72 S. C. 32; 42 N. Y. 542; 13 S. C. 371. *Waiver of objection to jurisdiction:* 101 S. C. 301. *Bill of sale a mortgage:* 101 S. C. 301; 40 S. C. 529; 45 S. C. 518. *Parol evidence admissible:* 11 Rich. Eq. 574; 21 S. C. 292; 43 S. C. 202; 85 S. C. 109. *Tender of satisfaction:* Civil Code, sec. 4107; 60 S. C. 149; 51 S. C. 433.

July 7, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action in claim and delivery to recover possession of a mule, alleged in the affidavit of plaintiff to be of the value of $95. The magistrate gave plaintiff judgment for the possession of the mule, or, in case the property could not be had, then for the value thereof, $99. An appeal was taken by the defendant from this judgment to the Circuit Court, and the judgment of the magistrate was affirmed. From this judgment defendant appeals, and by seven exceptions alleges error and seeks reversal.

The first and second exceptions are:

(1) In not dismissing the complaint when it appeared that plaintiff's affidavit failed to show that the value of the property involved did not exceed $100.

(2) In continuing to exercise jurisdiction of the case when it appeared that the value of the property involved exceeded $100.

Article V, section 21, of the Constitution, says: "Magistrates shall have jurisriction in such civil cases as the General Assembly may prescribe: *Provided,* Such jurisdiction shall not extend to cases where the value of the property in controversy, or the amount claimed, exceeds $100 in value or to cases where the title to real estate is in question or to cases in chancery. * * *"

It will be seen from this provision that the value of the property in controversy shall not exceed $100. The testimony of the plaintiff at the trial of the case in the magistrate's Court fixes the value of the mule at $150. A party cannot put a fictitious value on property in order to give the magistrate's Court jurisdiction; but where the actual value of the property sued for is over $100 the magistrate's Court is without jurisdiction to try the case. The burden is on the party suing to show that the property does not exceed in value the sum of $100. He cannot limit the value of the property sued for to less than $100, in order that the magistrate's Court may have jurisdiction. The test is the value of the property; if it is upwards of $100 in value, the magistrate's Court is without jurisdiction. It is different as to the amount claimed by a party; he can forego part of his claim so as to ask for less than $100, but where the plaintiff reduces the amount then past due, for the purpose of making his claim for a sum not exceeding $100, so as to bring it within the jurisdiction of a magistrate's Court, he cannot afterwards bring an action for amounts omitted. *Catawba Mills* v. *Hood,* 42 S. C. 205, 20 S. E. 91, and authorities therein cited. It is unnecessary to consider the other exceptions in the case.

The magistrate was without jurisdiction, and the judgment must be reversed and proceedings dismissed.

Judgment reversed.