## 9345

### WEBB v. SOUTHERN RY. CO.

#### (88 S. E. 297.)

1. PARENT AND CHILD—ACTIONS FOR LOSS OF SERVICES AND CUSTODY—SUFFICIENCY OF COMPLAINT.—A complaint alleging that defendant railway company through its agents, persuaded, advised, and by means unknown to plaintiff carried and deported her minor son away from his home and into another State, and without her consent and knowledge was working him with its extra force of hands upon its railway in which employment he was injured, stated a cause of action for depriving plaintiff of the services of her son and persuading and enticing him away from her, especially where the action was tried by consent with an action by the son for the injuries in which the complaint fully alleged how the injury happened.

2. PARENT AND CHILD—LOSS OF SERVICES AND CUSTODY—LIABILITY.—Where the mother of a minor had once taken him away from railroad work and put him in a less dangerous employment, but a railroad company's agent in the face of her objections and distinct refusal to let the boy go with him falsely stated to him that his mother had consented and persuaded the boy to go to another State and engage in a hazardous business in which he was injured, paying his way to go there, the company was liable for actual and punitive damages, as the mother was entitled to the services and companionship of her minor child and to place him at work with some

one in whom she had confidence and in a business that was reasonably safe.

3. PARENT AND CHILD — LOSS OF SERVICES AND CUSTODY — ACTIONS — DEFENSES.—It was no defense to an action by the mother that the minor was guilty of contributory negligence.

4. DAMAGES—EXEMPLARY—SUFFICIENCY OF COMPLAINT.—Where a complaint alleged that plaintiff's minor son was persuaded and hired without her consent to leave the State and engage in hazardous work, in which he was injured, it justified an award of punitive damages, as the jury were justified in assuming that defendant's act was wilful and high-handed.

5. TRIAL—MOTION FOR NONSUIT—TIME FOR MOTION.—A motion for a nonsuit, after a motion for a new trial had been made and refused, came too late, and its denial was not error.

6. APPEAL AND ERROR — HARMLESS ERROR — RULINGS ON PLEADINGS. — Where the Court in construing the complaint in its charge withdrew a cause of action from the jury, thus practically granting a nonsuit, the denial of a formal motion for a nonsuit as to such cause of action was not prejudicial.

Before HON. M. F. ANSEL, special Judge, Greenville, June, 1915. Affirmed.

Action by Ella Webb against the Southern Railway Company. Judgment for plaintiff, and defendant appeals.

· The first three paragraphs of the complaint alleged that defendant was a Virginia corporation having a line of railway running through the county of Greenville with officers and agents in such county, that plaintiff was the mother of Will Webb, who was 18 years of age, and whose labor and

FOOTNOTE.—As to liability for enticing minor from parents' service, see note in 1 L. R. A. (N. S.) 205, 45 L. R. A. (N. S.) 871. As to what amounts to enticement of minor child from parents' custody, see notes in 48 L. R. A. (N. S.) 1001. As to the mother's right of action for enticing minor, see notes in 1 L. R. A. (N. S.) 362 and 11 A. & E. Ann. Cas. 1172. Who may recover, see notes in 45 L. R. A. (N. S.) 872. Right of wife deserted by husband to recover for loss of services of minor child resulting from negligence of another, see 22 A. & E. Ann. Cas. 1912a, 991. Loss of society of child as an element of damages in action by parent for injury to child, see notes in 18 A. & E. Ann. Cas. 479.

services belonged legally to plaintiff, and that without the knowledge and consent of plaintiff the defendant through and by its agent persuaded, advised, and by means unknown to plaintiff carried and deported Will Webb away from his home and into the State of North Carolina, and without her consent and knowledge was working him with its extra force of hands upon its line of railway, paying him for his services 90 cents a day. Subsequent paragraphs alleged the happening of the accident mentioned in the opinion.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *As to right of action for enticing child to leave parent:* 2 Brev. 276; 30 L. R. A. (N. S.) 311; 28 S. E. 367; 47 N. Y. 244; 1 L. R. A. (N. S.) 208.

*Messrs. J. Robt. Martin* and *John C. Henry,* for respondent, cite: *As to sufficiency of complaint:* 81 S. C. 355. *General rules of construction:* 75 S. C. 135; 56 S. C. 249; Code Civ. Proc. 209. *Injury to child is injury to mother:* 4 S. C. L. (2 Brev.) 276; 13 S. C. L. (2 McC.) 227; 34 S. C. 522. *Scope of agency for master:* 3 S. C. 7; 93 S. C. 144; 33 S. C. 377. *License:* Crim. Code, sec. 895. *Charge as damages:* 75 S. C. 125; 94 S. C. 309.

March 18, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

Will Webb was the minor son of the plaintiff, and while in the employment of the defendant in December 8, 1913, he having been employed by the agent of the defendant at Greenville, S. C., on December 7, 1913, and carried to Charlotte, N. C., upon transportation furnished by the defendant was struck by the passenger train of the defendant. Will Webb had been directed to go to a shanty car about one mile from the station. It was dark, and in going there he was struck and seriously injured, losing one leg.

Suits were brought by Will Webb by his guardian *ad litem*, and one by his mother, Ella Webb, each for $3,000. The action by Ella Webb was begun on November 19, 1914. The action by Will Webb was for damages on account of personal injuries. That of Ella Webb, as by her contended, is for abduction of her minor son. The cases came on for trial before Hon. Martin F. Ansel, special Judge, and a jury, at the June, 1915, term of Court for Greenville county, and by agreement the two cases were heard together. At the conclusion of the testimony the defendant made a motion for a directed verdict in each case on the grounds set out in the record. The motion was granted in the case of Will Webb by his guardian *ad litem,* and from that there is no appeal.

·The motion in the case of Ella Webb was refused, the Court holding that the complaint stated a cause of action for abduction of a minor child, and consequent loss of service, and this case was submitted to a jury, and resulted in a verdict in favor of the plaintiff for $250 actual damages and $250 punitive damages. Defendant moved for a new trial on the minutes, which was refused. When this motion was refused, defendant moved for a nonsuit in the Ella Webb case as to the cause of action based on loss of service, upon the ground that the presiding Judge had practically granted such motion in his charge to the jury in withdrawing from them consideration of that cause of action. This motion was refused, in an order filed by the Judge stating, in substance, what he had done in construing the complaint in his charge to the jury practically amounted to a nonsuit as to the cause of action that he withdrew from the jury.

After entry of judgment defendant appealed and seeks reversal. Fourteen exceptions were filed, and by them the following questions were raised: (1) That the complaint does not state a cause of action for enticing a minor child from the custody of its parent. (2) Even if it does there is no evidence to sustain this allegation.

The complaint is most inartistically drawn. It has been said that good pleadings are half of the battle won when a party comes into Court asking for redress for the wrong done. We cannot see that the presiding Judge erred in holding that paragraphs 1, 2, and 3 of the complaint stated a good cause of action by being deprived of the services of her son in consequence of the accident that occurred to him, and that he had been persuaded and enticed from her by the defendant's agent and servants, and in refusing to direct the verdict as requested by the defendant. The Court, while appreciating and commending good pleading, is loath to deprive any litigant of a substantial right on a technical ground and faulty pleading, if there is enough in the pleading to state a cause of action.

The complaint advertises the defendant of enough to inform it of what the plaintiff was seeking to recover damages, for the defendant could not be misled by what plaintiff alleged. She was seeking to recover damages because her minor son had been induced by the defendant to leave her custody and care and go out of the State and engage in railroad work without her knowledge or permission, and while so engaged was seriously injured, being maimed by the loss of a leg. He had also sued, and fully alleged how it happened in his complaint. The two cases were tried together, and the defendant consented to this, and was ready, prepared, and willing to meet every issue raised by the pleadings in both cases, and should not be allowed to have the complaint in this case dismissed because the allegations are somewhat cloudy and obscure, but there is enough to state the cause of action, as ruled by the Judge.

As to the proof as to the material allegations of the complaint. He was a minor, the evidence shows; that by her consent he worked at Liberty, and stayed at home every Saturday night. He worked under a man of her town, whom she knew and had confidence in. That Will made one trip to North Carolina, and on his

return she took him from railroad work and put him under another employment that paid less and was less dangerous. The agent of the defendant, in the face of her objections and distinct refusal to let the boy go with him, went to Greenville and falsely stated that the mother had consented, persuaded the boy to leave the State, and go to another State, paying his way, and consciously engaged the boy and put him to work at a hazardous business.

The mother was entitled to the services of her minor child. She was entitled to his companionship, and was entitled to place him at work with some one that she had confidence in, and put him to work in a business that was reasonably safe. The defendant persuaded him to leave this occupation, carried a minor beyond the State, and put him to work in a hazardous business without the consent of his mother. He was seriously injured, and the evidence is ample to sustain the verdict for actual and punitive damages. The defendant cannot send out agents acting within the scope of their authority to entice minors away from their parents without their consent and put them in a dangerous work and have them injured without paying damages.

It is no defense to this action that the boy was guilty of contributory negligence. The mother is not. Her son had been persuaded to leave her, is taken off without her consent, and has been returned to her a maimed wreck, one leg gone, through the act of defendant's enticement. If he had been let alone, he would in all probability be a sound man, able to earn more wages, and a source of pleasure to his mother.

As to the exceptions that the complaint does not state facts that punitive damages could be allowed, we think there was sufficient allegation to submit this issue to the jury. It is alleged that the minor was persuaded and hired to leave the State without his parent's consent. If this be true, then the jury were justified in assuming that it was wilful and high-handed, and defendant should respond in actual and exemplary damages.

As to not granting nonsuit after motion for new trial had been made and refused, it is sufficient to say this motion was not made at the proper time, but came too late; ·5, 6 but Judge Ansel's order satisfactorily explains, and the defendant was not prejudiced. We see no error. All exceptions overruled.

Judgment affirmed.