## 11808

### HALL v. WATERS *ET AL.*

(128 S. E., 860)

JUDGMENT—JUDGMENT IN ACTION BY INFANT BY GUARDIAN AD LITEM HELD NOT RES JUDICATA IN SUBSEQUENT ACTION BY GUARDIAN IN HIS OWN RIGHT.—Adverse judgment in infant's action by his father as guardian *ad litem* for personal injuries is not *res judicata,* and does not bar action by infant's father in his own right for loss of services and expenses incurred.

Before BONHAM, J., Richland, April, 1924. Affirmed.

Action by M. J. Hall against T. W. Waters and G. D. Lott. From an order directing defendants to strike out a particular defense from their answer, and to file an amended answer, they appeal.

The following is the order and opinion of the trial Judge:

This matter came before me to be heard upon notice served by the plaintiff that he would move before me to have the fourth defense of the defendants' answer stricken out, and at the same time ask for an order requiring the defendants to serve an amended answer omitting the part that is objectionable. It appears that James Hall, an infant, through his guardian *ad litem,* M. J. Hall, who is the plaintiff in the present action, brought an action against the defendants in this present action for personal injuries to the said James Hall. Upon that action coming to trial, a verdict was rendered in favor of the defendants. Thereafter, M. J. Hall, the father of the said James Hall, brought this, an action for loss of services of his son and to be reimbursed for medical attention. In their answer to this action brought by the parent, M. J. Hall, the defendants set up as their fourth defense, as follows:

"For a fourth defense: The defendants allege that on or about the —————— day of January, 1923, James Hall, through his guardian *ad litem,* M. J. Hall, the plaintiff in this action, brought an action against the defendants, alleging that he was injured through the negligence and willfulness of the defendants substantially in the same way as is alleged in the complaint in this action, and suing the defendants for damages in a large sum for the same injury set forth in the complaint herein; and that upon the trial of the said case verdict and judgment were rendered in favor of the defendants, and that the plaintiff herein participated in said suit as the guardian *ad litem* in behalf of his son, the said James Hall, was present during the entire trial, and controlled said proceedings, and the defendants plead said verdict and judgment as a defense to the action herein, and allege that in the action of the said James Hall, by his guardian *ad litem,* the complaint and evidence were in all material respects the same as herein, and that the adjudication in said case is binding on the plaintiff herein and conclusive of his rights in this action; and further that inasmuch as the plaintiff's right to recover is necessarily based on the tortious act of the defendants, and it having adjudicated that the defendants were not at fault, or that James Hall was not injured through any fault of theirs, that the plaintiff in this action, who can claim only through negligence operating on James Hall, cannot recover."

The plaintiff now comes in and asks that the said fourth defense be stricken out on the following grounds:

"(1) That said fourth defense contained in said answer is irrelevant, redundant, improper and not pertinent to the issues raised by the complaint in this cause of action. (2) That said fourth defense set up in the defendants' answer refers to a cause where plaintiff acted in a representative capacity, and he is acting in the instant case in his individual capacity. (3) That by reason of the different parties plaintiff concerning different injuries, the defense of *res judicata*

is not available to the defendant in this case.   (4) That said fourth defense in defendants' answer does not constitute a good and legal defense to the matters set forth in the complaint."

After hearing argument of counsel for plaintiff and defendants, I am of the opinion that the action instituted by M. J. Hall against the defendants is not barred by the verdict rendered in favor of the defendants in the case of James Hall, by his guardian *ad litem,* against these same defendants, and that the judgment in the first action is not *res adjudicata,* although the acts of negligence complained of in the instant case are the same acts as alleged in the former case for the reasons that the parties in the second case are different, the cause of action is different, and because of the nature of the action the two could not have been joined, which must necessarily require separate verdicts and judgments and separate trials.   I am of the opinion that the cases of *Bridger v. Railway Co.,* 27 S. C., 461; 13 S. E., 860; 13 Am. St. Rep., 653; *Bennett v. Railway, Gas & Electric Co.,* 97 S. C., 27; 81 S. E., 189; and *Peeples v. Seaboard Air Line Railway Co.,* 115 S. C., 115; 104 S. E., 541, is conclusive of this question.

It is therefore ordered, adjudged, and decreed that the defendants do strike from their answer their fourth defense, and that they do, within ten days from this date, cause to be served upon plaintiff's counsel an amended answer omitting the matters set out in the fourth defense of their original answer.

*Messrs. R. B. Herbert* and *C. N. Sapp,* for appellants, cite: *Parties to former judgment:* 15 R. C. L., 1009; 9 L. R. A., 792; 2 Black on Judgments, 637; 1 Herman on Estoppel and Res. Jud., 167; 1 Gr. on Evid., Sec. 535; 2 Am. S. R., 878 and note. Res. Judicata., 123 S. C., 236; 116 S. E., 449; 118 S. C., 470; 111 S. E., 15; 115 S. C., 115; 104 S. E., 541. *Improper joinder of causes:* 97 S. C., 27; 81 S. E., 189. *Equity regards substance:* 21 C. J., 204.

*Messrs. John W. Crews* and *G. Duncan Bellinger,* for respondent, cite: *Res non judicata.,* 44 Cal., 46; 153 Ky., 228; 88 Ind., 425.

July 22, 1925.

The opinion of the Court was delivered by Mr. Justice Watts.

For the reasons given by his Honor, Judge Bonham, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

Mr. Chief Justice Gary, and Mr. Justice Cothran and Mr. Acting Associate Justice R. O. Purdy concur.

Mr. Justice Marion dissents.