16192

BRIDGES v. JOANNA COTTON MILL ET AL.

(52 S. E. (2d) 406)

*Messrs. Mann & Arnold,* of Greenville, *for Appellants,*

*Messrs. Butler B. Hare and James B. Hare,* of Soluda; *and Huff & Huff and Blackwell, Sullivan & Wilson,* all of Laurens, *for Respondent,*

*Messrs. Mann & Arnold,* of Greenville, *for Appellants,* in reply,

March 8, 1949.

BAKER, Chief Justice.

On February 20, 1933, the petitioner-respondent, by his guardian *ad litem,* commenced an action in the Court of Magistrate against Joanna Cotton Mill, a corporation demanding damages for personal injury sustained on April 14, 1932, in the sum of One Hundred ($100) Dollars. His claim for damages was based on the alleged negligence of the Joanna Cotton Mill in operating an attractive nuisance, to wit, a horse drawn mowing machine, on its premises, which was attractive to all small boys, without taking any proper safeguards for the protection of children, and resulting in painful, serious and permanent injuries to the respondent. In this action he was represented by O. L. Long, Esq., an outstanding attorney of Laurens.

On the same day the action was commenced, the defendant in that case filed answer denying liability, and testimony of the mother of respondent, and of his father, who had been regularly appointed his guardian *ad litem,* was taken, in which both stated that it was their opinion that it was to the best interest of the respondent to accept $100.00 and pay-

ment of a physician's bill for services rendered the respondent.

Thereupon, an order for judgment, consented to by respondent's named counsel, by his guardian *ad litem*, and by counsel for the defendant, was signed by the Magistrate before whom the action had been commenced, and (omitting the caption and signature) is as follows:

"The above cause came on for trial before the Court without a jury, trial by jury having been waived by consent of the parties, the 20th day of February, 1933, and testimony of witnesses taken and reduced to writing, which testimony is filed herewith.

"It appears that parties have agreed to settlement and the approval and sanction of the Court is now sought. After the hearing of the testimony and due and careful consideration of all the facts and the law applicable thereto, it is the opinion of the Court that the settlement agreed upon is fair and equitable and that the rights of the minor plaintiff have been fully protected.

"It is, therefore, hereby

"Ordered that the plaintiff, Franklin Bridges, by his Guardian *ad Litem,* Fred Bridges, have judgment against the defendant, Joanna Cotton Mill, a Corp., for the sum of One Hundred ($100.00) Dollars and the costs of this action, with leave to enter said judgment upon the records of this Court forthwith."

A transcript of this judgment was forthwith filed, indexed, entered and enrolled as Judgment Roll No. 2287 in the office of the Clerk of Court of Common Pleas for Laurens County; and thereafter, but during the same month paid in full, and satisfaction duly entered on the record. Apparently, the full amount was paid over to the father of the infant involved as his natural guardian.

In September, 1948, the respondent, having reached his majority on October 11, 1947, filed his petition in the Court of Common Pleas for Laurens County, asking the Court to vacate said judgment, joining as parties Joanna Textile Mills Co., and Joanna Cotton Mill Co., alleging that the two latter named corporations had successively acquired all of the assets and liabilities of the former.

The learned Circuit Judge who heard the matter construed the petition to vacate the judgment as alleging two grounds, to wit, (1) that the petitioner's guardian *ad litem* had failed to perform his duty, and (2) a Magistrate Court, in which Court the action was instituted, did not have jurisdiction.

In this appeal we are not concerned with the first ground, because in clear and unmistakable language the Circuit Judge held that the guardian *ad litem* (the father of respondent) did fully perform his duty; that he had the assistance of able and independent counsel who "faithfully served his client as always, and at the time of the rendition of the judgment, to which he consented, * * * believed it for the best interest of petitioner," and "no doubt then knew all of the circumstances which most probably could not be reproduced fully now"; and that in the petition, "no complaint is made as to the Magistrate's performance of his duty." There is no appeal from these findings of fact.

However, on the second ground, the order of the Circuit Judge, in which he vacates and declares null and void the judgment obtained in the Magistrate's Court, reads in part:

"But I think it equally clear that the Magistrate's Court was without jurisdiction. The petitioner suffered a serious and permanently disabling injury to his leg, and it was obvious and known to be such at the time. The Complaint filed in the Magistrate's Court so describes it. There can be no doubt that the physician who attended petitioner recognized that it was a serious injury. And under these circumstances to say that the petitioner had a claim against the respondent

for only $100.00 seems to me to be absurd. The fact that upon adjudication it may prove to be worth little or even worthless does not give the magistrate the right to make the adjudication."

The Circuit Court did not pass upon the necessity of respondent returning or tendering a return of the amount paid in settlement of the judgment as a prerequisite to moving to vacate the judgment. This position was taken by the appellant in the Court below, and on this appeal.

The issues now before the Court are: 1. Did the Magistrate's Court have jurisdiction to render judgment in this case? 2. Did the trial Court exceed its authority by vacating the judgment? 3. Can a plaintiff vacate a final judgment without returning or offering to return the sum paid him in satisfaction thereof?

Prior to entering upon a discussion of the issues, in the light of respondent's argument that the testimony taken at the time of the rendition of the judgment shows that there was an amount involved in excess of the $100 demanded in the complaint, to wit, a physician's bill for services rendered the infant (respondent), in the sum of $72.50, it is not improper to here state such a claim was vested in the parent and not in the guardian *ad litem*, and therefore in nowise affected the jurisdiction of the Magistrate Court on the $100 suit filed for damages to the person of the minor. The Circuit Judge so treated this position of the respondent.

It is well to also state that Sec. 409-3 of the Code of 1942, Act approved March 19, 1937, four years after the rendition of the judgment here assailed, is not pertinent to any issue now before this Court.

Sec. 257 of the Code provides:
"Magistrates shall have civil jurisdiction in the following actions:

* * *

"(2) An action for damages for injury to rights pertaining to the person, * * * if the damages *claimed* do not exceed one hundred dollars, * * *." (Emphasis added.)

Jurisdiction of a Magistrate's Court is determined by the amount claimed. *Brunson v. Furtick,* 72 S. C. 579, 52 S. E. 424, 5 Ann. Cas. 307; *Haygood v. Boney,* 43 S. C. 63, 20 S. E. 803. And it is no objection to the jurisdiction of a Magistrate that a plaintiff has reduced his claim or demand in order to bring it within the jurisdiction of the Magistrate. *Brunson v. Furtick, supra; Catawba Mills v. Hood,* 42 S. C. 203, 20 S. E. 91. In an action for damages to the person, where the amount claimed is not more than $100, the Magistrate's Court has concurrent jurisdiction with that of the Court of Common Pleas.

Where there is a total absence of fraud, as in this case, and where it has been juridically determined and settled by the express finding of the Circuit Judge (unappealed from) that the guardian *ad litem,* his attorney, and the Magistrate in whose Court the judgment was obtained, all ably performed their respective duties, it would appear that there is no sound legal ground on which the judgment can at this late date be set aside and vacated. If the identical pleadings and the procedure followed had been in the Court of Common Pleas for Laurens County, a Court having concurrent jurisdiction, the judgment entered could not be vacated or set aside, in the absence of fraud. Likewise, the judgment obtained in the Magistrate's Court cannot be vacated when the amount claimed was within the jurisdiction of a Court of Magistrate. It is unquestioned that the Magistrate's Court had jurisdiction of the subject matter and of the parties.

In *Betsill v. Betsill,* 187 S. C. 50, 196 S. E. 381, 383, in which case it was sought to set aside a former judgment of the Court, it is said:

"Of course, where the court rendering the judgment did not have jurisdiction of the subject matter, such judgment will be declared void. There is no question about the court which rendered the judgment sought herein to be vacated having jurisdiction of the subject matter and the judgment roll discloses had jurisdiction of the appellants. This court will not pass upon the merits of a case where a final judgment has been rendered, even though the interest of infants was involved, unless there is some evidence of fraud or collusion on the part of the guardian *ad litem* of the infants. There is a total lack of evidence of fraud and collusion on the part of the guardian *ad litem* of the infants, the appellants herein."

Appearing in the order of the Circuit Judge, from which order this appeal is prosecuted, is the following: "But the record in the case at Bar shows that the guardian *ad litem* reached the conclusion that the settlement should be made, and had the assistance of able and independent counsel, and I do not feel disposed to hold that he has failed to do his duty".

Of course, where a guardian *ad litem* has reached an agreement of settlement in good faith, and submits it to the Court, it is then the Court's responsibility to determine whether it should be approved, but the petition herein makes no complaint as to the Magistrate's performance of his duty, and this was found as a fact by the Circuit Judge; and in this case judgment was rendered in the full amount claimed. If the action had been brought in the Court of Common Pleas, judgment could have been rendered for no greater amount than demanded in the complaint.

As is suggested in appellant's brief, many cases of this nature are settled, judgments taken and the matter closed while the parties who know the facts are available and alive, with the purpose in mind to prevent the happening of the very thing that the respondent is attempting to do here.

While we entertain great sympathy for the respondent, yet the lower Court's holdings that the guardian *ad litem* in the former proceeding performed his duty, that the guardian *ad litem* had the assistance of able and independent counsel, and that no complaint is made of the Magistrate in whose Court the judgment sought to be set aside and vacated, was rendered, so fortify the judgment that it cannot be disturbed or held null and void under any known rule of law, and without transgressing well recognized rules of law.

It is unnecessary to pass upon the third issue.

The order appealed from is reversed, and the petition of the respondent dismissed.

FISHBURNE, STUKES, TAYLOR, and OXNER, JJ., concur.