16452

VERNON v. ATLANTIC COAST LINE R. CO.
(63 S. E. (2d) 53)

*Messrs. Stevenson & Lindsay,* of Bennettsville, and *Will-cox, Hardee, Houck & Palmer,* of Florence, *for Appellant,*

*Messrs. N. W. Edens, R. D. Miller* and *Sidney S. Tison,* all of Bennettsville, *for Respondent,*

January 4, 1951.

FISHBURNE, Justice.

The main question presented by this appeal is the right of the respondent to amend his complaint.

On January 23, 1946, Harvey C. Vernon and his wife, Lona Vernon, were traveling in a motor truck owned and driven by him, which was involved in a collision with a train of appellant at a railroad crossing within the corporate limits of the town of Cheraw, South Carolina. The respondent and his wife were both residents of the state of North Carolina; the appellant is a corporation under the laws of the state of Virginia.

On June 5, 1947, Vernon instituted this action against appellant in the Court of Common Pleas for Marlboro

County, in which he demanded judgment for the sum of $10,000.00 on account of property damage and personal injuries suffered by him growing out of the collision.

Thereafter, Lona Vernon brought an action on August 11, 1948, against the railroad company in the Court of Common Pleas for Marlboro County, in which judgment was prayed for the sum of $100,000.00 on account of personal injuries alleged to have been sustained by her in the same grade crossing collision. Upon the petition of the railroad company, this latter case was removed to the United States District Court for the Eastern District of South Carolina, where it was tried on December 16, 1948, resulting in a verdict in favor of Lona Vernon in the sum of $5,000.00.

On August 19, 1949, the respondent, Harvey C. Vernon, in the case at bar, upon notice, moved for leave to amend his complaint in certain particulars, to wit: (a) By alleging additional elements of damage by way of medical expenses and loss of consortium, claimed by him as a result of the personal injuries suffered by his wife in the collision; and (b) by increasing his demand for judgment from $10,000-.00 to $100,000.00. The motion was based upon the record in this case, the transcript of testimony in the case of Lona Vernon against the same defendant, in the United States District Court; and upon the affidavit of S. S. Tison, of counsel for respondent. The motion to amend was granted, and from this order the appellant has appealed upon the ground that the court erred in allowing the additional allegations to be incorporated in the complaint by way of amendment.

The Code provides, Section 494, that the court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change

substantially the claim or defense by conforming the pleading or proceeding to the facts proved.

The court will, as a matter of course, allow any party to shape his own pleadings to suit himself, and, for this purpose, will permit him at any time before trial to amend his pleadings so as to present his own views on the question to be litigated, upon such terms as may be deemed equitable. There is no restriction on the power of the court to allow such amendments, even though their effect be to change entirely the whole cause of action, or the grounds of defense. *Coral Gables v. Palmetto Brick Co.,* 183 S. C. 478, 191 S. E. 337; *Taylor v. Atlantic Coast Line R. Co.,* 81 S. C. 574, 62 S. E. 1113; 2 Wait's Practice, pages 506-507.

The Code, as noted, places no limitation upon the power of the court to amend a pleading by correcting a mistake or by inserting other allegations material to the case in furtherance of justice, and on such terms as may be proper.

On the record in the case at bar, we see no error in the order of the circuit court allowing the complaint to be amended in the particulars referred to. Such amendment appears to be in furtherance of justice and without prejudice to the appellant.

An allowance of amendments to pleadings under the statute, Sec. 494, is addressed to the sound discretion of the Circuit Judge, and his action is not subject to review by this Court, unless legal error is clearly shown. *Monteith v. Harby,* 190 S. C. 453, 3 S. E. (2d) 250; *Dunbar v. Fant,* 174 S. C. 49, 176 S. E. 866.

It was stated in *Taylor v. Atlantic Coast Line R. Co.,* 81 S. C. 574, 62 S. E. 1113, 1114: "Unless the amendment proposed relates to the same transaction or the same subject as the original complaint, then it is manifest the plaintiff cannot claim to have made a mistake in the matter to which his pleading relates. When, however, the plaintiff makes the mistake of supposing one of his

rights has been invaded by the defendant in one transaction, or a series of transactions relating to the same subject, and discovers another and different right was in fact invaded, it is within the power of the court when it appears to be in furtherance of justice, to grant the amendment, though in strictness the amendment amounts to a change of the cause of action, or the insertion of another cause of action."

The record shows that in the trial of the case of respondent's wife, Lona Vernon, in the Federal Court, an effort was made to prove the amount of the expenses of her illness, including hospital bills. The respondent, Vernon, testified in that case that all expenses had been paid by him, whereupon the railroad company objected, and the court held that such amounts, having been paid by the husband, could not be recovered as an element of damage in her case.

The husband's loss of consortium is a right which gives rise to damages. *Cook v. Atlantic Coast Line R. Co.,* 196 S. C. 230, 13 S. E. (2d) 1, 133 A. L. R. 1144. And by the amendment allowed, he seeks to recover for this loss and the expenses paid by him growing out of the injuries sustained by his wife. Both of these elements of damage arose out of the same transaction which is the subject of this litigation—that is, the collision between the motor truck of respondent and the train of appellant. Such additional allegations clearly come within the meaning of the Code provision governing amendments. They could have been inserted in the original complaint, because the elements of damage referred to occurred prior to the service of the complaint, and not afterwards.

It is argued by appellant that in allowing the amendment, the Circuit Court permitted the incorporation in the complaint of matters which arose after the commencement of respondent's action, and that therefore Section 494 does not apply. It is contended, therefore, that the respondent has no remedy under Section 494; that his only recourse was to move to make a supplemental complaint under Section 498,

but that even under the latter section, he could not have prevailed, because the facts shown by the record would not justify the inclusion of allegations covering the new elements of damage. As stated, this position is taken by appellant on the theory that the facts constituing the basis of the new elements of damage occurred after the drafting of the original complaint.

We are unable to see any merit in this contention. In our opinion, it is based upon an incorrect premise. It is obvious that when the respondent brought the current action—more than a year after the collision occurred,—he had not only suffered the loss of consortium, but had also incurred and paid the expenses of his wife's illness. Both elements of damage are directly traceable to the accidental injury, and it cannot be soundly argued that these facts occurred after the bringing of respondent's action.

Appellant contends that should this Court conclude that the amendment was properly allowed, then terms should be imposed—that is, the order of the Circuit Court should be modified to provide that the amendment be allowed only upon the express condition that respondent shall effectively consent to a removal by the appellant of this case to the United States District Court.

We agree with the Circuit Court that if the appellant has lost its right to remove the case at bar to the Federal Court—that is a situation which it could have taken steps to prevent by complying with the procedure for removal at the proper time. As we see it, its failure to do so has no relevant connection with the determination of the issue before us. And in our opinion, such a requirement would constitute the exaction of terms not warranted by the facts, even if within the purview of the statute.

The proposed amended complaint, which was attached to the notice, has been served upon appellant. The appellant is given twenty days in which to serve such amended answer as it may be advised, after the filing of the remittitur.

Judgment affirmed.

STUKES, TAYLOR and OXNER, JJ., and A. L. GASTON, Acting Associate Justice, concur.

BAKER, C. J., not participating.