18656

Norman V. HUGHEY, JR., Respondent, v. Melvin H. AUSBORN, Appellant

(154 S. E. (2d) 839)

*Messrs. Love, Thornton, Arnold & Thomason,* of Green-
ville, *for Appellant,*

*Messrs. Abrams, Bowen & Townes,* of Greenville, *for Respondent,*

*Messrs. Love, Thornton, Arnold & Thomason,* of Greenville, *for Appellant, in reply,*

May 26, 1967.

Moss, Chief Justice.

Norman V. Hughey, Jr., the respondent herein, instituted this action against Melvin H. Ausborn, the appellant herein, to recover actual and punitive damages for medical expenses incurred by him as the father of Mary Carole Hughey, and as the husband of Edith L. Hughey, and for the loss of consortium of his wife, resulting from an automobile accident that occurred in the City of Greenville, South Carolina, on March 10, 1965, by reason of the negligent, reckless and willful acts of the appellant. The answer of the appellant was a general denial.

Mary Carole Hughey, the minor daughter of the respondent, and Edith L. Hughey, the wife of the respondent, each brought an action against the appellant and recovered actual and punitive damages for their personal injuries. The amount of the verdict so returned in each case has been paid.

The instant case came on for trial before The Honorable James H. Price, Jr., and a jury, at the May, 1966, term of the Greenville County Court. At close of the testimony, the appellant having elected to offer no testimony, the respondent moved the court to direct a verdict in his favor for actual and punitive damages. The appellant moved that a verdict be directed in his favor as to punitive damages. The court granted the motion of the respondent and directed

the jury to find both actual and punitive damages against the appellant, leaving the amount thereof to be ascertained by the jury. The jury returned a verdict in favor of the respondent for $3,000.00 actual damages and $4,000.00 punitive damages. The appellant made a timely motion for judgment *non obstante veredicto* as to punitive damages, in the alternative, for a new trial and for a new trial *nisi.* This motion was denied and this appeal followed.

Assuming that the appellant was guilty of negligent, willful and reckless conduct resulting in injury to the minor daughter and wife of the respondent, the first question for determination is whether the respondent is entitled to punitive damages in an action to recover for medical expenses incurred for his daughter and wife and for the loss of consortium growing out of the injury to his wife.

When a minor receives personal injuries proximately caused by the actionable negligence, recklessness and willfulness of another, a cause of action arises in favor of the injured minor and such minor can maintain a suit to recover the resulting damages through a guardian *ad litem.* However, in such an action the amount paid for medical care and treatment by the parent is not an element of damage and the parent has a cause of action for the recovery of the medical expenses which he has incurred for the care and treatment of such minor. *Tucker v. Buffalo Cotton Mills,* 76 S. C. 539, 57 S. E. 626; *Bridges v. Joanna Cotton Mill,* 214 S. C. 319, 52 S. E. (2d) 406.

When a wife receives personal injuries proximately caused by the actionable negligence, recklessness and willfulness of another, a cause of action arises in her favor for her personal injuries. However, in such an action the amount paid for medical care and treatment by her husband is not an element of damage and the husband has a cause of action to recover for any expenses which he has incurred for her care and treatment, as a result of personal injuries caused and occasioned by the negligence of a third party; and a cause of action for the recovery of consequential

damages for the loss of his wife's society, companionship and services, all of which are comprehended by the term "consortium" *Cook v. Atlantic Coast Line Ry. Co.,* 196 S. C. 230, 13 S. E. (2d) 1, 133 A. L. R. 1144; *Vernon v. Atlantic Coast Line Ry. Co.,* 218 S. C. 402, 63 S. E. (2d) 53; *Brown v. Finger,* 240 S. C. 102, 124 S. E. (2d) 781; *Sossamon v. Nationwide Mut. Ins. Co.,* 243 S. C. 552. 135 S. E. (2d) 87. A father and husband is bound to furnish the necessities of life to his minor child and wife and among such are necessary medical service and hospitalization. The father's and husband's right to recover from a tort-feasor for such items of expense is based on his obligation to furnish them.

The damages to which the father of a minor child and a husband is entitled for medical expenses which he has incurred for their care and treatment are compensatory. The right of action for such damages, as is heretofore stated, is based solely on his obligation to furnish them. While there is contrary authority, the general rule is that if a minor sustains personal injuries under circumstances justifying the award of exemplary or punitive damages against the wrongdoer, the right of recovery thereof is in the child, the party directly injured, and there can be no recovery of punitive damages by the father in his own right. The father's recovery in such case is confined to his pecuniary loss. 37 A. L. R., at page 50. The cases there cited support the foregoing rule. In the case of *Bube v. Birmingham R. Light & P. Co..* 140 Ala. 276, 37 So. 285, it was said to be a well recognized principle of common law that the right of action in the father for injuries to a minor child "is based upon the idea of loss of service of the minor to the father and the damages are compensatory, including, of course, nursing, medical expenses, and the like," and that punitive damages are not recoverable in such an action unless they are given by a statute. In 67 C. J. S. Parent and Child § 55, at page 758, it is said "A parent is entitled to recover damages measured by the pecuniary loss sustained,

and his recovery is restricted to such loss, and, hence, exemplary damages may not be recovered in the absence of a statute authorizing them." In 22 Am. Jur. (2d), Damages, para. 254, at page 347, it is stated that exemplary damages are allowed only to the immediate person receiving the injury, either in a suit prosecuted by himself or by someone for his use. Hence, such damages cannot be recovered by a parent in his own right for injuries to a minor child unless a statute so provides. We have no such statute in this state.

A cause of action for the personal injuries to a ██ ██ married woman, and the proceeds of recovery therefor, are her separate property for which she may sue in her own name. Section 20-204 and Section 10-216 of the 1962 Code of Laws. However, these sections have not abridged the common law right of her husband to the companionship, aid, society and services of his wife, which is comprehended by the term "consortium", and his attendant right to sue therefor in the event of their loss through personal injury to her. *Cook v. Atlantic Coast Line R. Co.,* 196 S. C. 230, 13 S. E. (2d) 1, 133 A. L. R. 1144.

The case of *Golden v. R. L. Green Paper Co.,* 44 R. I. 231, 116 A. 579, was one brought by a husband to recover damages for loss of consortium in consequence of personal injuries alleged to have been received by his wife through the negligence of the defendant's servant. In this case the following rule was stated:

"When a wife has been injured by the negligent act of another, there has not been an intentional wrong committed against the husband. There cannot be said to be a direct injury to other than the practical and material elements of his right of consortium. A husband has a right of action, but his recovery must be of compensation, and is not given by way of punishment. In reference to the measure of damages in such action, courts have frequently said that the husband can recover for the injury to his consortium, but within that term is the husband's right to the services of his wife, and it is solely for that, and for his expenses, that recovery has generally been permitted. * * *"

The case of *People's Home Telephone Company v. Cockrum,* 182 Ala. 547, 62 So. 86, was one in which a husband brought suit for damages for injuries to his wife. The court charged, in effect, that the husband was entitled to recover punitive damages. The Supreme Court of Alabama, in reversing the lower court, held under the married woman's law that a wife was required to sue alone for injuries to her person and the damages recovered were her separate property but such did not deprive the husband of the right to sue for the damages he sustained as the proximate result of the injury to his wife's person, negligently inflicted by another; but he could not recover exemplary damages which are alone recoverable by her. The court said "His right is solely compensatory, and he may not sue for the "injury itself,' ". Thus the husband "cannot recover exemplary or punitive damages, but must be confined in his recovery to compensatory damages as a proximate result of the injuries. The wife only can recover exemplary or punitive damages, which the law permits as punishment, and not as compensation." The court further said "While the relationship is not identical, the right of the husband to recover damages for injuries to the wife is analogous with the right of the parent to recover for injuries to a child. In such instance, the recovery is intended as compensation and not punishment."

The question of whether a husband, suing for the loss of consortium and for the recovery of medical expenses which he incurred for the care and treatment of his wife, can recover punitive damages has not been decided by this court. The only case where the issue has been squarely presented is the Alabama case heretofore cited and the decision there is logical and a realistic statement of the rule as we conceive it to be and we apply such to the factual situation here involved. It follows that the trial judge was in error in refusing the motion of the appellant for a directed verdict in his favor as to punitive damages.

The appellant insists that the trial judge committed error in denying his motion for a new trial or a new trial *nisi* on the ground that the verdict was so excessive as to shock the conscience of the court and to indicate that it was the result of passion or prejudice. The trial judge directed a verdict in favor of the respondent for actual damages and there has been no appeal therefrom. The appellant does not contend that the respondent should not recover any actual damages but only complains as to the amount thereof. Admittedly, the respondent expended the sum of $837.64 for medical care and treatment for his minor daughter and wife. There was evidence as to loss of the services of the wife and that the injury inflicted was of such a character as to deprive the husband of her society, services, aid and comfort. It is impossible to lay down a rule by which the value of a wife's services and the loss of her society can be measured in dollars and cents. All the judge can do is to direct the jury to allow such reasonable sum as will fairly compensate the husband therefor under all the facts and circumstances of the case. This, the trial judge did in accordance with the rule laid down in *Cook v. Atlantic Coast Line Ry Co., supra*. We do not think that the amount of the verdict here indicates that it was a result of prejudice, caprice or passion, or other considerations not founded on the evidence. Ordinarily, the decision of the trial judge as to whether a verdict is deemed excessive is not appealable and will not be reviewed or disturbed by the court unless it clearly appears that the exercise of his discretion was controlled by manifest error of law. The appellant makes no such showing here. In view of the conclusions that we have hereinabove reached, it becomes unnecessary to consider the other exceptions posed by the appellant.

The judgment of the lower court is affirmed as to actual damages and reversed as to punitive damages.

Affirmed and reversed.

LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.

BUSSEY, J., dissents.

BRAILSFORD, Justice (concurring) :

The direct wrong done by defendant was to plaintiff's wife and daughter, who sustained personal injuries by his tortious conduct. Each of them has recovered actual and punitive damages against the defendant. As husband and father, plaintiff sustained consequential damages for which he is entitled to sue in his own right. In such cases, the courts have been astute to separate the elements of damage sustained by the injured child or wife from those accruing to the father or husband.* This is important to assure that each element of damage is awarded to the person justly entitled thereto and to protect the defendant from being mulct twice for the same loss. This salutary policy has been consistently followed by the courts with respect to compensatory damages. It seems reasonable and just that it should be applied to punitive damages, which, as pointed out in the dissent, have a compensatory aspect. We reach this desirable result without deviation from any prior decision of this court, and with the support of virtually all of the decisions on the point from other jurisdictions.

Admittedly, the issue is close. However, I can not regard a father's right of recovery as completely independent from that of his injured child when proof that the child (or wife) was contributorily negligent, or reckless, will defeat his recovery altogether. 39 Am. Jur., Parent and Child, Sections 81, 85; 27 Am. Jur., Husband and Wife, Section 507.

Neither *Webb v. Southern Ry.,* 104 S. C. 89, 88 S. E. 297, nor *Fennell v. Littlejohn,* 240 S. C. 189, 125 S. E. (2d) 408, is persuasive on the issue *sub judice.* The gravamen of the mother's cause of action in *Webb* was that the defendant willfully and without her consent enticed her minor son away from her and put him to work at a hazardous occupation. Her cause of action was original and she was

---

* For example, see Annotation "What items of damages on account of personal injury to infant belong to him, and what to parent." 32 A. L. R. (2d) 1060, supplementing 37 A. L. R. 11.

not required to prove that her son was injured through the negligence of the defendant. His injury was not the gist of her action, but only an aggravation of her damages. In *Fennell,* the basis of the husband's cause of action was the defendant's invasion of his marital relationship by having adulterous intercourse with his wife. As in *Webb,* the husband's cause of action was original. Neither case was based upon a wrong or injury which would also have supported an action by the son or wife. Therefore, the problem of duplicate recovery which we resolve here could not have arisen.

Moss, C. J., and Lewis and Littlejohn, JJ., concur.

Bussey, Justice (dissenting) :

While there is admittedly some authority, from other jurisdictions, supporting the conclusions reached in the opinion of the Chief Justice as to the punitive damage aspects of this case, the issues involved are not, in my view, ones of completely novel impression in this state, and the result reached is not in harmony with the principles of law firmly established by prior decisions of this court.

When basic and fundamental differences between the established law of this jurisdiction and that of the jurisdictions from which authorities are cited are considered, such authorities become of very doubtful persuasive value. To briefly state certain well established basic principles in this state, punitive damages are regarded not only as a punishment for wrong, but as a vindication of private right, and when one proves a wanton, willful or malicious violation of a right, he is entitled to punitive damages as a matter of law. The rendition of punitive damages under such circumstances is a part of the established public policy of this state and such damages involve a compensatory aspect. *Hicks v. Herring,* 246 S. C. 429, 144 S. E. (2d) 151; *Davenport v. Woodside Cotton Mills Co.,* 225 S. C. 52, 80 S. E. (2d) 740; *Rogers v. Florence Printing Co.,* 233 S. C. 567, 106 S. E. (2d) 258.

Contrary to the rule prevailing in many jurisdictions, in this state the plaintiff's cause of action for the injury to his child was completely separate from and independent of the child's cause of action for damages, *Hall v. Waters,* 132 S. C. 117, 128 S. E. 860, and his cause of action for loss of consortium was completely separate from and independent of his wife's cause of action for her personal injuries, *Priester v. Southern R. Co.,* 151 S. C. 433, 149 S. E. 226. Briefly stated, under our well established law, when the defendant injured the wife and the child of the plaintiff, the rights of the plaintiff were violated and completely independent causes of action arose. Simply stated, such causes of action arose because his rights with respect to his wife and child were violated. Can it be soundly argued that a man is entitled to recover punitive damages when his rights as to his horse, his cow or his wagon, are willfully violated, but may have no vindication of his willfully and wantonly violated rights as to his wife or his child?

Such an argument is, I think, soundly refuted by a long line of decisions in this state. As was cogently said in *Johnson v. Atlantic Coast Line R. Co., et al.,* 142 S. C. 125, 140 S. E. 443, 447,

"It follows that the state, as the guardian and protector of the rights of her citizens, is therefore interested in the assessment of punitive damages, and that all the people may look to the law of their land to defend them from wrongful invasions of both their personal and property rights."

The case of the plaintiff as parent is, I think, not distinguishable in principle from the decision of this court in *Webb v. Southern R. Co.,* 104 S. C. 89, 88 S. E. 297, and his case as husband is, in principle, not distinguishable from the decision of this court in *Fennell v. Littlejohn,* 240 S. C. 189, 125 S. E. (2d) 408.

In the *Webb* case a recovery of both actual and punitive damages was affirmed in favor of a mother whose son had been induced, against her will, to work in dangerous em-

ployment and sustained an injury by a train, with resulting, or consequential, damage to the mother.

The *Fennell* case was a suit for loss of consortium, and other allowable elements of damage, based on criminal conversation, in which a verdict for actual and punitive damages was rendered and affirmed.

While admittedly the causes of action were different in each of the cited cases, the basis upon which punitive damages rested in each of them was the willful and wanton invasion of the rights of the respective plaintiffs and not the particular means or instrumentality by which such rights were invaded.

As long as plaintiff's rights were wilfully and wantonly invaded and violated by the defendant, I think it makes no difference whether such rights were invaded by the use of an automobile, as here; invaded by enticement, as in *Fennell;* or invaded by enticement, with the damage being actually inflicted by a train, as in *Webb*. Entitlement to punitive damages arises out of the willful and wanton violation of a right and not out of the means or instrumentality used to violate such right and/or inflict damage.

For the foregoing reasons, I respectfully dissent.