681 S.E.2d 607

**Don D. GAUSE, Appellant,**

**v.**

**Nathan Dale SMITHERS, Edward W. Hunt, and Edward Raymond Hunt, Defendants,**

**of Whom Edward Raymond Hunt is Respondent.**

**No. 4566.**

Court of Appeals of South Carolina.

Heard April 23, 2009.

Decided June 16, 2009.

David E. Rothstein, of Columbia, for Appellant.

Gene M. Connell, Jr., of Surfside Beach, for Respondent.

KONDUROS, J.

Don Gause appeals the circuit court's dismissal of his negligence claims against Edward Raymond Hunt (Son) because the claims violated the statute of limitations. We affirm.

## FACTS

On November 15, 2003, Gause, a Conway police officer, was involved in a DUI traffic stop of a car driven by Son, but owned by Edward W. Hunt (Father). During the stop, a second car driven by Nathan Smithers, hit and injured Gause. Almost three years later, on November 2, 2006, Gause filed a lawsuit against Father as the driver of the car, alleging negligence.[1] Father was served on November 20, 2006, after the statute of limitations had expired, but within the 120 days after filing provided for in Rule 3(a)(2), SCRCP. Father answered claiming he was not the driver of the car involved in the accident.

Realizing his error in identifying the driver, Gause filed an amended complaint on December 19, 2006, naming Son as another defendant based on his negligence in driving the car, and adding causes of action against Father for negligent entrustment and under the family purpose doctrine. Son was served with the amended complaint on January 25, 2007. Son moved to dismiss the claims against him alleging he had been added as a party after the statute of limitations had run. Gause contended he was merely substituting Son as the real driver pursuant to Rule 15(c), SCRCP, so the amended complaint should relate back to the filing of the original complaint. The circuit court determined Son was being added as a party instead of substituted, and thus, Rule 15(c) did not save the claims against Son. This appeal followed.

## STANDARD OF REVIEW

"If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the

---

1. The portion of the accident report identifying the driver was blank, because Son was taken to the hospital before the report was completed. After seeing Father's name as the owner of the vehicle, Gause proceeded in filing his suit believing Edward W. Hunt was both the owner and driver of the vehicle.

[c]ourt, the motion shall be treated as one for summary judgment...." *Hooper v. Ebenezer Senior Servs. & Rehab. Ctr,* 377 S.C. 217, 225, 659 S.E.2d 213, 217 (Ct.App.2008). "When reviewing a grant of summary judgment, the appellate court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*

## *LAW/ANALYSIS*

Gause contends the circuit court erred in analyzing the amended complaint as an attempted addition of a party rather than as the change of a party for purposes of Rule 15(c), SCRCP. We disagree.

Rule 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of the original pleading.

An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*Jackson v. Doe,* 342 S.C. 552, 537 S.E.2d 567 (Ct.App.2000), discussed the application of Rule 15(c) at length. In that case, Jackson amended her complaint after the statute of limitations had expired in a John Doe hit and run action. *Id.* at 554, 537 S.E.2d at 568. Jackson added a named party as the defendant but did not dismiss John Doe as a defendant. *Id.* The majority of the court concluded the second paragraph of Rule 15(c) only applied to a substitution or change in party, not the addition of a defendant. *Id.* at 558, 537 S.E.2d at 570. ("The language of Rule 15(c) clearly speaks to a *change* in party, not the *addition* of a defendant to an already existing defendant. In our view, the addition of a party is not the same as a

substitution or change of the party.").[2]  *Cline v. J.E. Faulkner Homes, Inc.*, more recently followed this view.  359 S.C. 367, 371 n. 2, 597 S.E.2d 27, 29 n. 2 (Ct.App.2004) (finding Rule 15(c) did not allow plaintiff to add a party to a negligence action after termination of statute of limitations when plaintiff discovered additional party was an independent contractor and not employee of original defendant).

In this case, Gause named Son as a defendant with respect to the direct negligence claims.  However, he also kept Father in the case.  We conclude this amounted to the addition of a defendant, the action *Jackson* sought to proscribe in keeping with the plain language of Rule 15(c).  We are mindful this produces a harsh result, although Gause's claims against Father remain viable.  Nevertheless, we are compelled to affirm the findings of the circuit court.

Because the addition of a party is not contemplated by Rule 15(c), we need not address whether Son's being made a defendant was otherwise proper under that Rule.[3]  *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("The appellate court may find it unnecessary to discuss respondent's additional sustaining grounds when its affirmance is grounded in an issue addressed by the lower court.").

Based on the foregoing, the decision of the circuit court is **AFFIRMED.**

HUFF and WILLIAMS, JJ., concur.

---

2.  Chief Judge Hearn dissented in *Jackson,* reasoning the named defendant was not an additional party because Jackson alleged John Doe and the named defendant were the same person.  342 S.C. at 558, 537 S.E.2d at 571 (Hearn, C.J., dissenting).  That reasoning does not apply to the facts of this case.

3.  At oral argument, Son contended he was not properly substituted for Father because he was not necessarily on notice of Gause's action within the statute of limitations.  Gause argues Son had proper notice of the action because he was served with the amended complaint within the statute of limitations plus 120 days after filing of the original complaint.  *See* Rule 3(a)(2), SCRCP (stating a civil action is commenced when the summons and complaint are filed and served with the statute of limitations, or if not served with the statute of limitations, the summons and complaint are actually served within 120 days after filing).  The circuit court did not rule on this issue.