THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Karen
 Cue-McNeil, as Guardian ad Litem of Tori M., a minor, Appellant,
 v.
 George W. Watt,
 M.D., Medical Park OB/GYN, P.A., and Palmetto Health Alliance d/b/a Palmetto Richland
 Memorial Hospital, Respondents.
 
 
 

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge 

Unpublished Opinion No.    2010-UP-507
 Submitted November 1, 2010  Filed
November 18, 2010
Withdrawn, Submitted and Refiled January
31, 2011

AFFIRMED IN PART AND VACATED IN PART

 
 
 
 Edward L. Graham, of Florence, for Appellant.
 Andrew F. Lindemann, Mason A. Summers, and George C. Beighley, of
 Columbia, for Respondents George W. Watt, M.D. and Medical Park OB/GYN, P.A.
 James E. Parham, Jr., of Irmo, for Respondent Palmetto Health
 Alliance d/b/a Palmetto Richland Memorial Hospital.
 
 
 

PER CURIAM:  Appellant
 Karen Cue-McNeil (Mother) brought this medical malpractice action in her
 capacity as guardian ad litem for her minor daughter, Tori M. (Daughter),
 against George W. Watt, M.D., Medical Park OB/GYN, P.A., and Palmetto Health
 Alliance d/b/a Palmetto Richland Memorial Hospital (collectively Respondents)
 to recover damages for allegedly negligent medical care during Daughter's
 birth.  The circuit court granted partial summary judgment to Respondents,
 concluding that only a minor's parents, not the minor
 herself, have a cause of action for the recovery of medical expenses resulting
 from the minor's injury.  Mother appeals.  
In its order
 granting partial summary judgment, the circuit court concluded that summary judgment is proper for an action by a minor
 attempting to collect medical expenses during minority "because she does
 not have the capacity to sue." 
 We agree that a minor may not recover medical expenses incurred during minority
 from a tortfeasor in her own personal injury action, and we affirm this part of
 the circuit court's order.[1] 
 However, it is possible to infer from the circuit court's conclusion that the
 entirety of Daughter's personal injury action against Respondent is invalid
 because she does not have the legal capacity to bring this action.  To the
 extent that the trial court implied that Daughter did not properly bring her
 action through a guardian ad litem and therefore may not pursue damages other
 than medical expenses, the statement is erroneous and is therefore vacated. 
 Daughter properly brought this action against Respondents through her guardian
 ad litem pursuant to Rule
 17(c), SCRCP, which states in pertinent part:

 If a minor or incompetent person does not have a duly appointed
 representative he may sue by his next friend or by guardian ad litem.
 The court shall appoint a guardian ad litem for a minor or incompetent person
 not otherwise represented in an action or shall make such order as it deems
 proper for the protection of the minor or incompetent person.

(emphasis
 added).  
Here, the circuit
 court had issued an order appointing Mother to serve as guardian ad litem for
 Daughter well before Respondents sought partial summary judgment.  Therefore, Daughter
 may pursue this action against Respondents except to the extent that she claims
 medical expenses incurred during minority.     
In view of our disposition of
 the foregoing issues, we need not address Mother's remaining arguments.  See Webb v. Sowell,
 387 S.C. 328, 332 n.6, 692 S.E.2d 543, 545 n.6 (2010) (citing Futch v. McAllister
 Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999)) (holding that an appellate court need not discuss the remaining
 issues of an appeal when its resolution of a prior issue is dispositive).  
AFFIRMED IN PART AND
 VACATED IN PART.[2]
THOMAS, PIEPER, and
 GEATHERS, JJ., concur.

[1] See Hughey v.
 Ausborn, 249 S.C. 470, 475, 154 S.E.2d
 839, 841 (1967) (holding that in a minor's personal injury action, the
 amount the parent paid for the minor's medical care is not an element of
 damage); Bridges v. Joanna Cotton Mill, 214 S.C. 319, 324, 52
 S.E.2d 406, 408 (1949) (holding that a personal injury claim for a minor's
 medical expenses is vested in the parent and not the guardian ad litem); Tucker
 v. Buffalo Cotton Mills, 76 S.C. 539, 542, 57 S.E. 626, 627 (1907) (holding
 that a parent suing merely as guardian ad litem for injuries to a minor may not
 recover for expenses incurred for which the parent is personally liable); Trident Reg'l Med. Ctr. v. Evans, 317 S.C. 346,
 352, 454 S.E.2d 343, 346 (Ct. App. 1995) (holding that parents
 are responsible for the support of their minor
 children).
[2]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.