**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Angela Patton, as Next Friend of Alexia L., a minor, Appellant,

v.

Dr. Gregory A. Miller, Rock Hill Gynecological & Obstetrical Associates, P.A. and Amisub of South Carolina, d/b/a Piedmont Medical Center, Respondents.

Appellate Case No. 2013-002670

———————————

Appeal From York County
S. Jackson Kimball, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-367
Heard May 12, 2015 – Filed July 22, 2015

———————————

**AFFIRMED**

———————————

Edward L. Graham, John Layton Ruffin, and Diane M. Rodriguez, all of Graham Law Firm, of Florence, for Appellant.

Ashby W. Davis, of Davis, Snyder & Williford, PA, of Greenville, and R. Hawthorne Barrett, of Turner Padget Graham & Laney, PA, of Columbia, for Respondent Gregory A. Miller. Ashby W. Davis, of Davis, Snyder &

Williford, PA, of Greenville, and Thomas C. Salane and R. Hawthorne Barrett, both of Turner Padget Graham & Laney, PA, of Columbia, for Respondent Rock Hill Gynecological & Obstetrical Associates, P.A. Joshua Tate Thompson and William U. Gunn, both of Holcombe Bomar, PA, of Spartanburg, for Respondent Amisub of South Carolina d/b/a Piedmont Medical Center.

---

**PER CURIAM:** Angela Patton, as Next Friend of Alexia L., a minor (the mother), filed this medical malpractice action against Dr. Gregory A. Miller, Rock Hill Gynecological & Obstetrical Associates, P.A., and Amisub of South Carolina, Inc. d/b/a Piedmont Medical Center (collectively, Respondents). The mother appeals the circuit court's order granting partial summary judgment to the doctor and the hospital, arguing the court erred in the following rulings: (1) finding the mother's child (the minor) is not entitled to recover medical expenses under the necessaries doctrine; (2) holding the equitable doctrines of implied waiver and equitable assignment did not apply; (3) denying the mother's motion to amend and relate back the complaint; and (4) ruling Respondents did not waive their right to argue the necessaries doctrine. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the circuit court erred in finding the minor is not entitled to recover medical expenses under the necessaries doctrine: *Richland Mem'l Hosp. v. Burton*, 282 S.C. 159, 160-61, 318 S.E.2d 12, 13 (1984) (explaining the necessaries doctrine holds spouses liable for each other's debts contracted prior to and during marriage and finding it remained a viable common law doctrine); *Hughey v. Ausborn*, 249 S.C. 470, 476, 154 S.E.2d 839, 841 (1967) (holding the necessaries doctrine extends to a father and makes him responsible for providing his children's necessities of life); *id.* (explaining that "among such [necessities of life] are necessary medical service and hospitalization"); *id.* (finding the obligation imposed by the necessaries doctrine for providing a minor child with the necessities of life forms the basis for a father's right to recover medical expenses from one whose negligence has injured his minor child); *id.* at 475, 154 S.E.2d at 841 (holding that in a minor's personal injury action, the amount the parent paid for the minor's medical care is not an element of damages); *Burton*, 282 S.C. at 161, 318 S.E.2d at 13 (extending the necessaries doctrine to women); *Bridges v. Joanna Cotton Mill*, 214 S.C. 319, 324, 52 S.E.2d 406, 408 (1949) (holding that a personal injury claim for a minor's medical expenses is vested in the parent and not the

guardian ad litem); *Tucker v. Buffalo Cotton Mills*, 76 S.C. 539, 542, 57 S.E. 626, 627 (1907) (holding that a father suing merely as guardian ad litem for injuries to a minor may not recover for expenses incurred for which the father is personally liable); *Trident Reg'l Med. Ctr. v. Evans*, 317 S.C. 346, 348, 454 S.E.2d 343, 344 (Ct. App. 1995) (declining to follow other states that have abolished the necessaries doctrine); *see* S.C. Code § 20-5-60 (2014) (codifying the common law necessaries doctrine).

2.      As to whether the circuit court erred in holding the equitable doctrines of implied waiver and equitable assignment did not apply:  *Janasik v. Fairway Oaks Villas Horizontal Prop. Regime*, 307 S.C. 339, 345, 415 S.E.2d 384, 388 (1992) (stating waiver is protective only and may be invoked as a shield, but not as an offensive weapon); *id.* (explaining waiver may be invoked as an affirmative defense to a counterclaim, but it may not be asserted in a complaint as an offensive weapon).

3.      As to whether the circuit court erred in denying the mother's motion to amend and relate back the complaint:  Rule 15(c), SCRCP (permitting relation back of amendments for an amendment "changing the party against whom a claim is asserted"); *Gause v. Smithers*, 384 S.C. 130, 132-33, 681 S.E.2d 607, 608 (Ct. App. 2009) (finding Rule 15(c) only applies to a substitution or change in a party rather than an addition); *Cline v. J.E. Faulkner Homes, Inc.*, 359 S.C. 367, 371 n.2, 597 S.E.2d 27, 29 n.2 (Ct. App. 2004) (finding Rule 15(c) did not allow relation back when a new party was added to a complaint).

4.      As to whether the circuit court erred in finding Respondents did not waive their right to argue the necessaries doctrine: *Pye v. Estate of Fox*, 369 S.C. 555, 565, 633 S.E.2d 505, 510 (2006) (providing an exception to the error preservation rule requiring an issue to be raised and ruled upon by the trial court when an issue is raised but not ruled upon at a hearing on a motion to reconsider); Rule 8(c), SCRCP (requiring a party, in replying to a preceding pleading, to affirmatively set forth his defenses); *id.* (providing a list of affirmative defenses that must be pled, including "any other matter constituting an avoidance or affirmative defense"); *Whitehead v. State*, 352 S.C. 215, 220, 574 S.E.2d 200, 202 (2002) ("The failure to plead an affirmative defense is deemed a waiver of the right to assert it."); *O'Neal v. Carolina Farm Supply of Johnston, Inc.*, 279 S.C. 490, 494, 309 S.E.2d 776, 779 (Ct. App. 1983) ("An affirmative defense conditionally admits the allegations of the complaint, but asserts new matter to bar the action.").

**AFFIRMED.**

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**